Hilliard NELSON *v.* STATE of Arkansas

CR 99-634                                      39 S.W.3d 791

Supreme Court of Arkansas
Opinion delivered April 5, 2001

*Cross, Kearney, & McKissic,* by: *Jesse L. Kearny,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Mac Golden,* Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant, along with Charles Colbert and Ricky Dillard, was charged with the capital felony murder of Cheryl Franklin. Dillard agreed to be a state's witness, and appellant's case was severed from his co-defendants'. Appellant was convicted of the lesser included offense of first degree murder and sentenced to life imprisonment in the Arkansas Department of Correction. We affirmed the trial court's decision in *Nelson v. State,* 306 Ark. 456, 816 S.W.2d 159 (1991). On January 22, 1993, appellant filed a *pro se* petition for postconviction relief. The trial court denied appellant's requested relief as untimely. In response to the trial court's decision, appellant sought *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in federal court. The federal district court issued a conditional writ of *habeas corpus* that provided that a writ would issue within 120 days unless appellant was permitted to pursue postconviction relief in state court. Appellant was allowed to pursue postconviction relief, and the trial court eventually denied appellant's petition. This appeal followed.

To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must

show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

First, appellant contends that counsel was ineffective for failing to subpoena witnesses to testify on appellant's behalf. We disagree.

■ ■ The decision of whether or not to call a witness is generally a matter of trial strategy that is outside the purview of Rule 37. *State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999); *Helton v. State*, 325 Ark. 140, 924 S.W.2d 239 (1996). Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to his client. *Johnson v. State*, 325 Ark. 44, 924 S.W.2d 233 (1996). When assessing an attorney's decision not to call a particular witness, it must be taken into account that the decision is largely a matter of professional judgment that experienced advocates could endlessly debate, and the fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not in itself proof of counsel's ineffectiveness. *Id.* Nonetheless, such strategic decisions must still be supported by reasonable professional judgment pursuant to the standards set forth in *Strickland*. *State v. Dillard, supra.*

■ At the postconviction hearing, counsel testified that the witnesses appellant wanted called to testify were not going to provide the same information that appellant indicated. The trial court found that appellant had failed to offer any evidence identifying any of the witnesses or their alleged testimony. A bare allegation that there are witnesses that could have been called in the petitioner's behalf will not support a claim of ineffective assistance of counsel. Decisions involving which witnesses to call to benefit a case lie purely within the realm of counsel's trial tactics. *Tackett v. State*, 284

Ark. 211, 680 S.W.2d 696 (1984). Appellant has not sustained his burden of proving that his attorney's strategic decision to refrain from calling those witnesses was professionally unreasonable. Based on a thorough review of the record, it appears that the witnesses would not have provided any evidence that would have changed the outcome of the trial. We cannot say that the trial court's decision is clearly against the preponderance of the evidence because the decision by counsel was a matter of trial strategy.

Next, appellant argues that counsel failed to present blood evidence and failed to present evidence that would have contradicted the testimony of Mr. Dillard. Appellant contends that his attorneys never had his DNA typed to be matched against the semen found on the victim. Appellant does not elaborate further how this alleged error prejudiced him or affected the outcome of his trial. This is a conclusory allegation that is not substantiated with the facts. *Long v. State*, 294 Ark. 362, 742 S.W.2d 942 (1988). When a petitioner under Rule 37 asserts that his counsel was ineffective, he is responsible for providing factual support for the allegation. *Neff v. State*, 287 Ark. 88, 696 S.W.2d 736 (1985). Counsel is presumed effective. *Strickland v. Washington*, 466 U.S. 668, and allegations without substantiation are insufficient to overcome the presumption. *Jeffers v. State*, 280 Ark. 458, 658 S.W.2d 869 (1993). The purpose of Rule 37 is not to debate the possible effect of counsel's conduct but to provide a remedy when a petitioner has suffered actual prejudice. *Brents v. State*, 285 Ark. 199, 686 S.W.2d 395 (1985). The burden is on the petitioner to provide facts to support his claims of prejudice. *Jones v. State*, 283 Ark. 363, 767 S.W.2d 738 (1984).

There is no indication whether this DNA evidence would have been exculpatory or incriminating. In addition, appellant was not convicted of capital-felony murder but was found guilty of the lesser included offense of first-degree murder. The state's proof showed that on the evening of January 20, 1990, the appellant, Colbert and Dillard were frequenting various drinking establishments. After a brief conversation in the parking lot of one of the clubs, Dillard gave Ms. Franklin some money in exchange for sex. Apparently, she wanted money so she could buy a "hit of crack." When the men left the establishment, Franklin and another woman got in the car. They took the other woman home, and then picked up another individual named Rita Lane. Lane, however, was subsequently let out when appellant and Lane got into an argument. The men and Franklin then drove to a secluded area where they could smoke some crack. Dillard testified that he departed the car and laid

upon its front hood. He said that appellant got in the back seat and had oral sex with Franklin. Dillard stated that, during this period when appellant was in the car's back seat with Franklin, Dillard thought he heard appellant say that if Franklin would not have sex, they would leave her stranded. Dillard heard appellant and Franklin argue, and minutes later, Dillard heard three thumps on the back end of the car. Dillard looked through the back window of the car and saw Colbert with something in his hand making a wiping motion on the car's trunk. When Dillard walked to the rear of the car, he viewed appellant standing over Franklin with a piece of concrete in his hand, coming down towards her head. With this evidence before them, the jury could have convicted appellant of first-degree murder without the requested DNA evidence. Thus, we cannot say that the trial court's decision that appellant failed to present evidence to show how DNA evidence would have tended to exonerate him is clearly erroneous.

In addition, appellant asserts that counsel failed to produce evidence that it was raining on the night in question and that such evidence would have contradicted Mr. Dillard's testimony that it had not rained. Appellant argues that such a contradiction of Mr. Dillard's testimony would have detracted from his credibility. In support of his argument, appellant submitted data at the Rule 37 hearing showing that 1.35 inches of rain fell on the day of the murder between 4:30 p.m. and 5:00 a.m. in the Dumas area.

The manner of questioning a witness is by and large a very subjective issue about which different attorneys could have many different approaches. Even if a decision proves unwise, matters of trial tactics and strategy are not grounds for post-conviction relief. *Leasure v. State*, 254 Ark. 961, 497 S.W.2d 1 (1973). Mr. Dillard's credibility may have been adversely affected by evidence that rain fell on the day of the murder, but counsel's failure to obtain such evidence was not so prejudicial that it tainted appellant's entire trial to the degree that the proceeding was unfair. It is the sole province of the jury to determine not merely the credibility of the witnesses, but the weight and value of their testimony. *Smith v. State*, 308 Ark. 390, 824 S.W.2d 838 (1992). With this issue, there is no indication that the trier of fact would have resolved this credibility determination in appellant's favor. Thus, appellant has failed to demonstrate that the outcome of the trial would have been different had counsel submitted evidence at trial that it rained on the day of the murder.

For his third assignment of error, appellant argues that the trial court erred in failing to relieve counsel because of a conflict of interest. Appellant contends that after his trial he expressed his dissatisfaction with his trial counsel and that counsel failed to pursue certain issues on appeal.

■ We articulated the proper standard for reviewing ineffective-assistance-of-counsel claims due to alleged conflicts of interest in *Johnson v. State*, 321 Ark. 117, 124, 900 S.W.2d 940 (1995):

> Prejudice will be presumed from a conflict of interest only when the defendant demonstrates that an actual conflict of interest adversely affected his lawyer's performance. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *Cuyler v. Sullivan*, 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980). Petitioner had the burden of proving a conflict of interest and showing its adverse effects. *Dumond v. State*, 294 Ark. 379, 743 S.W.2d 779 (1988). A petitioner is not entitled to relief under the *Cuyler* test unless he satisfies both prongs of the test. *Salam v. Lockhart*, 874 F.2d 525, 527-28 (8th Cir. 1989) (citing *Lightbourne v. Dugger*, 829 F.2d 1012, 1023 (11th Cir. 1987), cert. denied 488 U.S. 934, 109 S. Ct. 329, 102 L. Ed. 2d 346 (1988)). The prejudice must be real and have some demonstrable detrimental effect and not merely have some abstract or theoretical effect. *Simmons v. Lockhart*, 915 F.2d 372, 378 (8th Cir. 1990).

■ ■ As with any claim of ineffective assistance of counsel, the petitioner has the burden of providing factual support to demonstrate that the conflict of interest adversely affected counsel's performance. *See Neff v. State*, 287 Ark. 88, 696 S.W.2d 736 (1985); *Smith v. State*, 264 Ark. 329, 571 S.W.2d 591 (1978). No such demonstration of a conflict of interest was shown. There is no indication from the record that counsel refused to raise issues on appeal or that those issues had merit. Thus, appellant has failed to establish that an actual conflict existed.

■ Appellant's fourth point on appeal challenges the trial court's failure to set aside his conviction because the trial court allowed the prosecutor to amend the charges prior to trial but after jury selection. As the State points out, appellant did not argue this issue below at the Rule 37 hearing but has now changed his grounds on appeal. Since it was not argued below, and since if meritorious, the issue is not so fundamental that it would void the conviction, we will not consider it. *Pitcock v. State*, 279 Ark. 174, 649 S.W.2d 393 (1983).

For his last point on appeal, appellant argues that he was denied due process because eight years passed between the time he filed his postconviction petition until he received a hearing. Appellant contends that this delay violated his due process rights, and he relies on the law set forth in *Bliss v. State*, 282 Ark. 315, 668 S.W.2d 936 (1984), *United States v. Lovasco*, 431 U.S. 783 (1977), and *United States v. Marion*, 404 U.S. 307 (1971). Appellant's reliance on these cases is misplaced.

*Lovasco* and *Marion* stand for the proposition that the Due Process Clause plays a limited role in protecting against oppressive and lengthy preindictment delay. Here, appellant does not challenge any preindictment delay but delay between the time he filed his postconviction petition and the time his petition was acted upon. In addition, appellant has not cited to any authority that extends due process protection for delays to postconviction proceedings which are civil in nature. Based on the foregoing, we decline to reach appellant's argument.

Affirmed.