2013 Ark. 34

**Brandon Eugene LACY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 12–142.**

Supreme Court of Arkansas.

Feb. 7, 2013.

Benca & Benca, Little Rock, by: Patrick J. Benca, for appellant.

Dustin McDaniel, Att'y. Gen., by: Eileen W. Harrison, Ass't. Att'y. Gen., for appellee.

JIM HANNAH, Chief Justice.

Appellant Brandon Lacy appeals from the denial of his petition for postconviction relief under Rule 37.5 of the Arkansas Rules of Criminal Procedure, and from the circuit court's subsequent order, amended order, and second amended order denying his motions for reconsideration. Lacy was convicted of capital murder and aggravated robbery and sentenced to death and life imprisonment, respectively, and his convictions and sentences were affirmed on direct appeal. *Lacy v. State,* 2010 Ark. 388, 377 S.W.3d 227. Lacy asserts that the

circuit court erred (1) in denying his petition without an evidentiary hearing, (2) in rejecting his assertion that trial counsel were ineffective for failing to investigate and present the affirmative defense of mental disease and defect, and (3) in rejecting his assertion that trial counsel were ineffective for failing to present adequate mitigating evidence during the penalty phase of the trial. We reverse and remand to the circuit court for an evidentiary hearing.

On September 6, 2011, Lacy filed a petition for postconviction relief, asserting that trial counsel were constitutionally ineffective when they failed to investigate and present the affirmative defense of mental disease and defect and when they failed to put before the jury little, if any, mitigation evidence during the penalty phase of the trial. In addition, Lacy asserted that he was entitled to relief due to cumulative error in his trial. Finally, Lacy requested additional time to review the file so that further medical testing could be completed, and he requested permission to file an amended petition, contending that the ninety-day deadline was insufficient to allow a proper review and presentation on all grounds for postconviction relief.

On October 19, 2011, the circuit court entered an order denying the petition for postconviction relief without a hearing. The circuit court found that (1) trial counsel were not ineffective for failing to investigate or present the affirmative defense of mental disease or defect, because the State's expert, forensic psychiatrist Dr. Robin Ross, found no evidence of mental disease or defect, and Lacy's expert, psychologist Dr. Curtis Grundy, found Lacy competent to stand trial; (2) trial counsel were not ineffective for failing to call witnesses to testify about Lacy's history of alcoholism, because voluntary intoxication is no defense to a crime and no evidence was submitted to establish that Lacy lacked the capacity to understand the criminality of his conduct or to conform his behavior to the law; (3) trial counsel were not ineffective for failing to call Dr. Grundy to testify about Lacy's alcoholic blackouts, because "that testimony might not have been admissible," and, even if it were, there was "possible strategic reasoning for the decision not to attempt to introduce it"; (4) trial counsel were not ineffective for failing to call Lacy's ex-wife, Jamie Brewer, to testify about Lacy's alcoholic blackouts as evidence of "memory confabulation," because the record contains ample evidence of Lacy's independent recollection of the homicide; (5) trial counsel were not ineffective for failing to present adequate mitigating evidence during the penalty phase of the trial, because the record "is replete with testimony of family members and a community member during the penalty portion of the trial," and fifteen mitigating circumstances were found to exist by one or more of the jurors; (6) trial counsel were not ineffective for failing to call Brewer to testify that Lacy was a good father, because "for strategic reasons the defense may well have chosen not to 'open that door' in testimony' "; and (7) cumulative error was not a claim for postconviction relief. Finally, the circuit court concluded that an evidentiary hearing was not required because the record and files in the case conclusively showed that Lacy was not entitled to relief.

Lacy filed a notice of appeal, as well as a motion for reconsideration. In his motion for reconsideration, Lacy noted that the circuit court's order failed to address the request for an extension of time and the request to file an amended petition. In addition, Lacy attached a letter from Dr. Bhushan Agharkar, who stated that, based on his interview with Lacy, there was significant evidence to suggest that Lacy exhibited " 'soft signs' of neurologic damage,

particularly organic brain damage." Dr. Agharkar also stated that his findings were preliminary and required further testing. Lacy stated in his motion for reconsideration that he had received authorization from the Arkansas Public Defender Commission to hire Dr. Barry Crown, a neuropsychologist, to conduct further testing. Lacy requested that the circuit court set aside its order denying relief, allow him to file an amended petition for ⌊4postconviction relief, and hold a hearing on the merits of the petition. Lacy subsequently filed a second motion for reconsideration, which added the findings of Dr. Barry Crown, who found, inter alia, that Lacy suffered from "a significant neuropsychological impairment impacting multiple functional areas" and that "[t]he voluntariness of his intoxication episodes is brought into question due to his brain damage." The circuit court denied both motions for reconsideration.

Lacy contends that the circuit court erred in denying his petition without an evidentiary hearing. Rule 37.3 requires an evidentiary hearing in a postconviction proceeding unless the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief. *E.g., Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). Where the circuit court concludes, without a hearing, that the petitioner is not entitled to relief, the circuit court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R.Crim. P. 37.3(a).

▌ In this case, the circuit court determined that a hearing was not required because the files and record conclusively showed that Lacy was not entitled to relief. Specifically, the circuit court found that Lacy was entitled to no relief on his claim that trial counsel were ineffective for failing to call Dr. Grundy to testify about

Lacy's alcoholic blackouts because such testimony "*might* not have been admissible," and even if it were, there was a "*possible* strategic reason[ ] for the decision not to attempt to introduce" the testimony of Dr. Grundy. (Emphasis added.)The circuit court also found that Lacy was entitled to no relief on his claim that trial counsel were ineffective for failing to call his ex-wife to testify that he was a good ⌊5father because "for strategic reasons the defense *may well have* chosen not to 'open that door' in testimony." (Emphasis added.)

▌ These findings belie the circuit court's determination that a hearing was not required in this case. As previously stated, an evidentiary hearing is required in a postconviction proceeding unless the files and record *conclusively show* that the petitioner is not entitled to relief. *Sanders, supra;* Ark. R.Crim. P. 37.3(a) (emphasis added). "Conclusive" means "[a]uthoritative; decisive; convincing." *Black's Law Dictionary* 329 (9th ed.2009). The circuit court's use of tentative language, such as "might," "possible," and "may well have," in the aforementioned findings does not sustain its determination that the files and record conclusively show that Lacy is entitled to no relief. Rather, the findings indicate that the circuit court's decision not to hold a hearing was based, in part, on the circuit court's suppositions about how trial counsel might have explained the decisions they made at trial. Accordingly, we reverse and remand for an evidentiary hearing.

Finally, although the dissent concludes that trial counsels' decision not to call Dr. Grundy during the penalty phase was a tactical decision supported by reasonable professional judgment, that conclusion is not borne out by the record. The dissent relies on the fact that the State indicated it would cross-examine Dr. Grundy with

Lacy's statement to Deputy Wedgewood that he enjoyed killing the victim. However, even assuming Lacy's statement was admissible to rebut Dr. Grundy's proposed guilt-phase testimony concerning Lacy's alcoholic blackouts at the time of the crime,[1] it does not automatically follow that Lacy's statement was admissible to rebut Dr. Grundy's proposed penalty-phase testimony regarding Lacy's chronic substance abuse and mental health history.

Moreover, a review of the record reveals that trial counsel offered no explanation for the decision not to call Dr. Grundy during the penalty phase, other than it was tactical. Without benefit of an evidentiary hearing, we are left to surmise that trial counsel exercised reasonable professional judgment when they declined to call Dr. Grundy as a mitigation witness. This we will not do.

Reversed and remanded.

GOODSON, J., dissents.

Courtney HUDSON GOODSON, Justice, dissenting.

The majority in this case reverses the circuit court's denial of postconviction relief based on an argument that is not raised by Lacy in his brief. Because the majority is reversing on an issue of its own creation, I must dissent. Addressing the issues that are raised on appeal, I would affirm the circuit court's decision.

Lacy argues on appeal that he received ineffective assistance of counsel in two respects. He first contends that trial counsel were not effective by failing to adequately explore the affirmative defense of mental disease or defect. Second, Lacy asserts that trial counsel were ineffective by not presenting sufficient evidence in mitigation during the penalty phase of trial. Rather than addressing the merits of these issues, the majority reverses on the sole ground that the circuit court's findings are too tentative to support its determination that a hearing was not necessary to decide the issues raised in the petition. In

1. The State conceded at trial that there was a potential *Miranda* violation regarding Lacy's statement to Deputy Wedgewood. Nevertheless, the State requested that the circuit court rule on the voluntariness of the statement, contending that if Lacy's statement about enjoying the killing was voluntary, then the State could use the statement for impeachment purposes if Dr. Grundy testified about Lacy's alcoholic blackouts at the time of the crime. In support of this argument, the State cited *Wilkes v. United States*, 631 A.2d 880 (D.C.1993) and *State v. DeGraw*, 196 W.Va. 261, 470 S.E.2d 215 (1996). In *Wilkes*, the District of Columbia Court of Appeals held that

when a defendant offers the testimony of an expert in the course of presenting an insanity defense and the expert's opinion is based, to any appreciable extent, on statements made to the expert by the defendant, the government may offer evidence excluded under Miranda—either by way of impeachment (i.e., during cross-examination of the expert) or in rebuttal (i.e., by showing inde-

pendently that the statements made to the expert were false)—for consideration by the fact-finder in assessing the expert's opinion."

*Id.* at 890–91.

In *DeGraw*, the West Virginia Supreme Court held that

when a defendant offers the testimony of an expert in the course of presenting a defense such as the insanity defense or the diminished capacity defense, which calls into question the defendant's mental condition at the time the crime occurred, and the expert's opinion is based, to any appreciable extent, on the defendant's statements to the expert, the State may offer in evidence a statement the defendant voluntarily gave to police, which otherwise is found to be inadmissible in the State's case-in-chief, solely for impeachment purposes either during the cross-examination of the expert or in rebuttal, even though the defendant never takes the witness stand to testify.

470 S.E.2d at 224.

its criticism of the circuit court's findings, the majority offers a definition of the word "conclusively" as it is used in Ark. R.Crim. P. 37(a) and holds that the circuit court erred by denying relief without a hearing. *Lacy does not advance this argument on appeal.* Lacy does not ask this court to interpret the requirements of Rule 37.3(a), nor does he argue that the circuit court's findings were so equivocal that the court erred by not providing a hearing on his claims of ineffective assistance of counsel. Undeniably, the majority has manufactured this issue out of whole cloth.

Heretofore, this court has been resolute in stating that we will not make a party's argument for that party or raise an issue, sua sponte, unless it involves the trial court's jurisdiction. *Menne v. State,* 2012 Ark. 37, 386 S.W.3d 451; *N.D. v. State,* 2011 Ark. 282, 383 S.W.3d 396; *Hanlin v. State,* 356 Ark. 516, 157 S.W.3d 181 (2004); *Ilo v. State,* 350 Ark. 138, 85 S.W.3d 542 (2002); *Shields v. State,* 281 Ark. 420, 664 S.W.2d 866 (1984). *See also Phillips v. Earngey,* 321 Ark. 476, 481, 902 S.W.2d 782, 785 (1995) ("It is axiomatic that we refrain from addressing issues not raised on appeal."). Clearly, the majority has stepped into the role of advocate, and in doing so, it has deprived the State of an opportunity to respond to this new issue. I cannot agree with a decision that avoids addressing the issues that are raised and reverses based on a non-jurisdictional argument that is not asserted on appeal. As in any case, review should be confined to the issues presented and developed by the parties.

The majority also overlooks the principle that, even where a circuit court's findings are deficient, this court will still affirm if the record conclusively shows that the petition is without merit. *Greene v. State,* 356 Ark. 59, 146 S.W.3d 871 (2004) (citing *Sanders v. State,* 352 Ark. 16, 98

S.W.3d 35 (2003)). Findings are considered insufficient only when this court cannot effectively review the evidence and the circuit court's reasoning to determine if the circuit court's conclusions were clearly against the preponderance of the evidence. *See Scott v. State,* 351 Ark. 619, 96 S.W.3d 732 (2003). Thus, our focus is and should be directed to the question of whether, under our standard of review, the record bears out the circuit court's decision. It does.

In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the U.S. Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the circuit court clearly erred in holding that counsel's performance was effective. *Small v. State,* 371 Ark. 244, 264 S.W.3d 512 (2007). Under the two-pronged *Strickland* test, a petitioner making a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Harrison v. State,* 371 Ark. 474, 268 S.W.3d 324 (2007). In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Cummings v. State,* 2011 Ark. 410, 2011 WL 4635037 (per curiam) (citing *State v. Barrett,* 371 Ark. 91, 263 S.W.3d 542 (2007)). As to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Gonder v. State,* 2011 Ark. 248, 382 S.W.3d 674 (per curiam).

Furthermore, unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *State v. Brown,* 2009 Ark. 202, 307 S.W.3d 587. Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *Id.* Additionally, the burden is on the petitioner to provide facts to support his claim of prejudice. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Sparkman v. State,* 373 Ark. 45, 281 S.W.3d 277 (2008).

In his first argument on appeal, Lacy claims that further mental testing would have yielded evidence that he had an affirmative defense of mental disease or defect and that his trial counsel were ineffective for not conducting further investigation in pursuit of that defense. In support of this argument, Lacy relies on the opinions of two new experts, Drs. Shawn Agharkar and Barry Crown, who examined Lacy for purposes of postconviction relief. These experts offered the opinion that Lacy had suffered organic brain damage. However, they did not opine that Lacy lacked the capacity to conform his conduct to the requirements of the law or that he lacked the capacity to appreciate the criminality of his conduct.

The circuit court found that trial counsel did properly investigate the availability of the defense of mental disease or defect. In its ruling on this point, the circuit court noted that Lacy had been evaluated by two experts, Drs. Robin Ross and Curtis Grundy, in advance of trial. Ross issued a report stating that Lacy did not have a mental disease or defect. She also reported that Lacy did not lack the capacity to appreciate the criminality of his conduct and that he did not lack the capacity to conform his conduct to the requirements of the law. In addition, Lacy retained the services of Grundy for the purpose of evaluating his cognitive and intellectual functioning. In his report, Grundy noted that Lacy had experienced episodes of amnesia associated with alcohol intoxication. However, testing revealed that Lacy had an IQ of 85, and Grundy stated that mental status impairment was not indicated. Grundy also found that Lacy was competent to stand trial.

Further, the circuit court found that Lacy failed to establish the defense of mental disease or defect under Arkansas Code Annotated section 5-2-312(a) (Repl. 2006). In this regard, the circuit court noted neither Agharkar nor Crown offered the opinion that, as a result of the alleged brain damage, Lacy lacked the capacity to conform his conduct to the requirements of the law at the time of the offense or that he lacked the capacity to appreciate the criminality of his conduct at the time of the offense.

The circuit court's rejection of this claim is not clearly erroneous. There is no basis in the record for concluding that trial counsel's investigation into Lacy's mental status was deficient, given the negative results of testing conducted prior to trial. Moreover, while Lacy presented evidence of a mental defect, his experts did not state that he lacked the capacity to conform his conduct to the requirements of the law or that he did not have the capacity to appreciate the criminality of his conduct. Thus, he clearly failed to establish the elements of the affirmative defense of mental disease or defect under section 5-2-312(a). Evidence of a mental defect

without a corresponding lack of capacity does nothing to establish the affirmative defense under the statute. Consequently, Lacy did not demonstrate a reasonable probability that the outcome of trial would have been different had his trial counsel conducted further investigation. Trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6 (per curiam).

In his second argument on appeal, Lacy contends that his trial counsel were ineffective for not having Grundy testify during the penalty phase of trial. The decision of whether or not to call a witness is generally a matter of trial strategy that is outside the purview of Rule 37.1 *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001). Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to his client. *Id.* When assessing an attorney's decision not to call a particular witness, it must be taken into account that the decision is largely a matter of professional judgment that experienced advocates could endlessly debate, and the fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not in itself proof of counsel's ineffectiveness. *Greene, supra.* Nonetheless, such strategic decisions must still be supported by reasonable professional judgment. *Nelson, supra.* Even if a decision proves unwise, matters of trial tactics and strategy are not grounds for postconviction relief. *Id.*

The record reflects that trial counsel declined to call Grundy as a matter of trial strategy. After the jury rendered its verdicts of guilt, the circuit court and counsel began discussing the witnesses to be called during the penalty phase of trial. The prosecutor broached the subject of possibly cross-examining Grundy with a statement Lacy had made to Deputy Wedgewood, without benefit of Miranda warnings, that Lacy enjoyed killing the victim. Defense counsel responded that he was going to speak with Grundy over the weekend, and he stated that Grundy would be the last witness, if he were called. When court resumed Monday morning, the prosecutor again expressed the intent to cross-examine Grundy with the statement Lacy made to Wedgewood. The prosecutor cited cases from other jurisdictions and represented that it is permissible to impeach a psychiatrist's opinion with a statement that had been suppressed, so long as the statement was voluntary. In reply, Lacy's counsel stated unequivocally on the record that he had "made the tactical decision" not to call Dr. Grundy as a witness. The circuit judge then stated that he had reviewed Lacy's statement, and he found that it was voluntary.

Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonably professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Here, the record conclusively shows that trial counsel made the tactical decision not to call Dr. Grundy as a mitigation witness so as to avoid cross-examination with a damning and prejudicial statement. The circuit court's decision on this point is not clearly erroneous.

Last, Lacy contends that trial counsel were ineffective for not calling his former wife as a mitigation witness to testify about his lifelong history of substance abuse and the immediate and long term effects of that abuse. A trial counsel's failure to investigate and present substantial mitigating evidence during the sentencing phase of a capital-murder trial can constitute ineffective assistance of counsel. *Howard v. State*, 367 Ark. 18, 238 S.W.3d

24 (2006). A decision not to offer significant mitigating evidence is a matter of trial strategy only where the decision is made after a full investigation of all the mitigating circumstances so that counsel may make an informed tactical decision. *Wooten v. State*, 351 Ark. 241, 91 S.W.3d 63 (2002). The petitioner must show that, but for counsel's errors, there is a reasonable probability that the sentence imposed would have been different. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001).

The record reflects that trial counsel called as mitigation witnesses Lacy's mother, two of his uncles, his stepfather, and his cousin, who all testified as to Lacy's difficult and poor upbringing, including his temporary abandonment as a baby; the physical and mental abuse he suffered as a child; how he lived with different family members as a child; his alcoholism and drug abuse; his attempts at suicide; and his community service as a volunteer fireman. At least one, but not all, of the jury members found that appellant committed the murder while his capacity to conform his conduct to the requirements of the law was impaired as a result of mental disease or defect, intoxication, or drug abuse; that he had no significant history of prior criminal activity; that he was born to an unmarried teen mother and placed in the custody of DHS when his mother left him with strangers; that he was a victim of physical abuse; that he was supplied with alcohol by his uncle in junior high school; that it was not uncommon for him to drink with his uncle when he was a teenager; that he had attempted suicide at least once; that he was cared for primarily by his uncle and his grandparents; and that he showed remorse for Walker's death. All jurors found that Lacy was a witness to verbal abuse; that he was a witness to physical abuse; that he was a victim of psychological abuse; and that appellant turned himself in and that he cooperated with the police.

This court has held that the omission of a witness when his or her testimony is cumulative does not deprive the defense of vital evidence. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. The proposed testimony of Brewer concerning Lacy's lifelong struggles with alcohol and substance abuse would have been cumulative to testimony already presented on Lacy's behalf. Thus, it cannot be said that the circuit court's decision is clearly erroneous.

In sum, I dissent from the majority's decision to reverse based on an argument not advanced on appeal, and confining my review to the issues that are actually raised on appeal, I would affirm the circuit court's denial of postconviction relief.