SLIP OPINION

Cite as 2015 Ark. 112

# SUPREME COURT OF ARKANSAS

No. CR–13–389

| | |
|---|---|
| CHRISTOPHER BEVERAGE<br><br>APPELLANT | **Opinion Delivered** March 19, 2015 |
| V. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NOS. CR–2010–83–2–5; CR–10–602–2–5; CR–11–423–2–5; CR–12–346–2–5] |
| STATE OF ARKANSAS<br><br>APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | AFFIRMED IN PART; REVERSED AND REMANDED IN PART. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Christopher Beverage appeals from the order of the Jefferson County Circuit Court denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). His sole point on appeal is that the circuit court erred in denying him a hearing on his petition. We affirm the circuit court's order in part, and reverse and remand in part.

In 2012, Beverage entered a negotiated plea of guilty to murder in the first degree; aggravated robbery; theft of property greater than $25,000; first-degree escape; four counts of second-degree battery; and theft of property $500 or less. The charges stemmed from Beverage's 2010 escape, along with two others, from the Jack Jones Juvenile Detention Center in Pine Bluff after his attack on a correctional officer and his subsequent attacks on

correctional officers at another facility in 2010, 2011, and 2012. He was sentenced consecutively to 480 months' imprisonment on the first-degree-murder charge plus 120 months on the aggravated-robbery charge, for a total time of imprisonment of 600 months.[1]

On December 4, 2012, Beverage filed his petition for postconviction relief pursuant to Rule 37.1. In his petition, he alleged that his defense counsel was ineffective in failing to (1) seek a change of venue, in light of the prejudicial publicity the escape received; (2) challenge determinations as to his competency to stand trial by seeking a hearing and engaging an expert opinion; (3) object to the sentence he received on the bases that it amounted to a sentence of life imprisonment and there was no evidence that he intended or attempted to kill; (4) adequately investigate the facts and proof so as to pursue a change in venue or speedy-trial motion; (5) adequately investigate so as to subject the State's evidence to meaningful adversarial testing, including the failure to challenge the autopsy of the murder victim; and (6) take the matter to trial.

As already noted, the circuit court denied Beverage's petition without a hearing. In its order, the circuit court found that because Beverage pleaded guilty and did not have a jury trial, he could not argue that he was prejudiced by a tainted jury. With respect to Beverage's claims regarding his competency, the circuit court observed that Beverage's record revealed two forensic examinations and that Beverage had failed to provide any evidence that a third evaluation would have resulted in a different finding from the other two. It further noted its

---

[1]The sentences for Beverage's remaining convictions ran concurrently with his sentence of 120 months for aggravated robbery.

review of the plea–hearing transcript, which the circuit court found to contradict Beverage's allegation that he was not competent when he entered his negotiated plea of guilty. In addition, the circuit court found that Beverage's right to speedy trial was not denied in light of an excludable period; therefore, the circuit court concluded, any failure by defense counsel to make a meritless speedy-trial motion did not constitute ineffective assistance of counsel. Finally, the circuit court ruled, Beverage's claim that his defense counsel was ineffective for failing to challenge the results of the murder-victim's autopsy was a challenge to the sufficiency of the evidence that was not a cognizable Rule 37 claim. Beverage now appeals the circuit court's order.

On appeal, Beverage argues that he was entitled to a hearing on his petition. Specifically, he contends that the circuit court erred in not granting him a hearing on his claims that his counsel (1) failed to obtain another mental-health evaluation or otherwise demonstrate his incompetence and (2) failed to explore the murder victim's cause of death.[2] The State counters that there was no error by the circuit court because Beverage did not allege in his petition, as he was required to do, that but for his defense counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Alternatively, the State avers, Beverage's claims of ineffective assistance of counsel lack merit, and therefore, the circuit court did not err in denying the petition without a hearing.

---

[2]All other claims raised below but not argued on appeal are abandoned. *See, e.g.*, *Guevara v. State*, 2014 Ark. 200; *Sales v. State*, 2013 Ark. 218; *Simmons v. State*, 2012 Ark. 58 (per curiam).

SLIP OPINION

It is well settled that this court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *See Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *See id*. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *See id*.

The criteria for assessing the effectiveness of counsel were enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In asserting ineffective assistance of counsel under *Strickland*, the petitioner must first show that counsel's performance was deficient. *McDaniels v. State*, 2014 Ark. 181, 432 S.W.3d 644. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *See id*. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See id*. Second, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *See id*. In doing so, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, which means that the decision reached would have been different absent the errors. *See id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *See id*. Unless a petitioner

makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *See id*.

Beverage's sole contention on appeal is that the circuit court erred in denying his Rule 37 petition without holding an evidentiary hearing. Rule 37.3 of the Arkansas Rules of Criminal Procedure requires an evidentiary hearing in a postconviction proceeding unless the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief. *See Lacy v. State*, 2013 Ark. 34, 425 S.W.3d 746. If the files and the record conclusively show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect, "specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a) (2012). Where, as here, a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. *See Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1.

In the instant case, the circuit court made the required findings; however, we cannot say that the findings and record conclusively show that Beverage is entitled to no relief on the first of his two claims. With respect to Beverage's claim that he was incompetent and that his defense counsel was ineffective for failing to challenge his competency determinations,[3] the circuit court found that "[t]he Court's record reflects that Mr. Beverage was given two (2)

_____

[3]We have previously observed that an "appellant's claim that he was not competent and should not have been forced to proceed as if he had been found competent is essentially a direct assertion that he did not enter his plea intelligently." *Sandoval-Vega v. State*, 2011 Ark. 393, at 6 n.1, 384 S.W.3d 508, 513 n.1 (per curiam).

SLIP OPINION

forensic examinations" and that the evaluation conducted by Ron Faupel, Psy. D., "found [him] fit to proceed." The circuit court opined that Beverage had failed to provide "any evidence that a third evaluation would result in a different finding" and that the transcript of Beverage's guilty plea contradicted his allegation that he was incompetent.

Our review of the record, however, reveals that Beverage was actually evaluated three different times: once on July 1, 2010, at the Pine Bluff Clinic of the Southeast Arkansas Behavioral Healthcare System; again at the Arkansas State Hospital on January 18, 2011, by Ron Faupel, Psy. D.; and yet again at the Arkansas State Hospital on March 1, 2011, by Natalie Jill Brush-Strode, M.D. It is this latter evaluation that is not referenced or relied upon by the circuit court in its order. Moreover, it is this evaluation that reflects Beverage's score of 66 out of 100 on the Georgia Court Competency Test, while, according to Dr. Brush-Strode, a score greater than 70 is considered passing. In addition, it is in this evaluation that Dr. Brush-Strode observed, "[Beverage] did not demonstrate understanding of the mechanics and utility of a plea bargain, his legal rights, the role of his attorney in contesting perjury, or the process of a subpoena." Notwithstanding her observations and Beverage's score on the test, Dr. Brush-Strode's summary of opinions included her conclusion that "[a]t the time of the examination, Mr. Beverage had the capacity to understand the proceedings against him and the capacity to effectively assist his attorney in his own defense."

Missing from the report contained in the record, however, is Dr. Brush-Strode's reconciliation of her conflicting observations and conclusion. Of what appears to be a seventeen-page report, pages 14, 15, and 16 are missing, and it is those pages that would have

included the explanation of the evaluator's forensic opinion on Beverage's fitness to proceed.[4] Without any reconciliation of Dr. Brush-Strode's observations and ultimate opinion on Beverage's competency to stand trial, we are unable to say that the instant record conclusively shows that Beverage is entitled to no relief, particularly given that Beverage pleaded guilty and that the report suggests that he might not have understood the concept of a plea bargain. Accordingly, we reverse and remand for a Rule 37.1 evidentiary hearing on Beverage's claim regarding his competency and his counsel's failure to challenge his competency to stand trial.

Beverage additionally claims that he is entitled to a hearing on his claim that his counsel was ineffective for failing to adequately investigate the murder victim's cause of death. As already set forth, where, as here, a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. *See Scott*, 2012 Ark. 199, 406 S.W.3d 1. By pleading guilty, Beverage waived any claim that he was not guilty of the charges. *See Sherman v. State*, 2014 Ark. 474, 448 S.W.3d 704 (per curiam). To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, Beverage must demonstrate a reasonable probability that, but for counsel's errors, he would not have so pleaded and would have insisted on going to trial. *See*

---

[4]It is unclear from the record whether the missing pages of the report were ever filed with the circuit court. The pagination of our record is sequential; it is only through an examination of the report's pagination that it becomes evident that the pages are missing.

*Scott*, 2012 Ark. 199, 406 S.W.3d 1. Beverage's petition, however, does not meet this burden.

The substance of Beverage's adequate-investigation claim in his petition consisted solely of the following:

> Counsel failed to conduct a reasonably adequate guilt phase investigation so he could subject the state's case-in-chief to meaningful adversarial testing. For example, counsel failed to consult with an expert concerning the cause of death of Mr. Wall. Although the autopsy report stated that Wall died as a result of a homicide, the report was very equivocal on the cause of death. It admitted that none of the blows were close to being lethal. It concluded that Mr. Wall had a weak heart. An expert could have been of the opinion that Mr. Wall suffered a heart attack from other causes.
>
> . . . The case was triable on causation.

A careful review of his claim reveals that Beverage failed to even allege that he would not have pleaded guilty had his counsel more thoroughly investigated the cause of death. Beverage's failure to so allege is fatal to an ineffective-assistance claim stemming from a guilty plea. *See Little v. State*, 2012 Ark. 194 (per curiam). Because Beverage failed to allege that he would not have pleaded guilty but for counsel's alleged error, he cannot establish prejudice based on this argument, and the circuit court's denial of relief on this claim was therefore not clearly erroneous. *See, e.g.*, *Scott v. State*, 2012 Ark. 159 (per curiam); *Smith v. State*, 2010 Ark. 473 (per curiam). Moreover, without some showing of prejudice as required by *Strickland*, it was conclusive on the face of Beverage's petition that no relief was warranted, and the circuit court did not err in declining to hold an evidentiary hearing on his ineffective-assistance-for-failure-to-adequately-investigate claim. *See Scott*, 2012 Ark. 159.

For the foregoing reasons, we affirm the circuit court's order in part and reverse and remand in part.

Affirmed in part; reversed and remanded in part.

BAKER and HART, JJ., dissent in part and concur in part.

GOODSON, J., dissents.

**KAREN R. BAKER, Justice, dissenting in part and concurring in part.** While I agree with the majority's holding that this case must be reversed and remanded for the circuit court to hold an evidentiary hearing, I would go no further. Therefore, I dissent.

Beverage's sole point on appeal is that the circuit court erred in denying his petition without affording him an evidentiary hearing. Having determined that the circuit court erred in failing to hold an evidentiary hearing, we should not address Beverage's alternative argument. We are remanding Beverage's Rule 37.1 petition for an evidentiary hearing and because the issue of his competency could affect the validity of his guilty plea, the majority's analysis of Beverage's alternative argument is flawed. Further, even if the majority's analysis regarding Beverage's alternative argument were correct, it is unnecessary to address Beverage's Rule 37.1 claims in this piecemeal fashion.

Accordingly, I dissent in part and concur in part.

HART, J., joins.

**COURTNEY HUDSON GOODSON, Justice, dissenting.** I must respectfully dissent from the majority opinion because I believe it is premature to remand this case for a hearing at this time. As the majority notes, the record contains a competency evaluation that appears

to be missing three pages. Because we cannot conduct a proper evaluation of the record without the missing pages, I believe we should remand for the limited purpose of settling the record before addressing the merits of the points on appeal.

Our law is clear that the trial court is not required to hold a hearing on a postconviction petition if the record conclusively shows that he is entitled to no relief. *See, e.g.*, *Hutcherson v. State*, 2014 Ark. 326, 438 S.W.3d 909. When the record is missing pages, our custom is to remand to settle the record. *See, e.g.*, *Lee v. State*, 2011 Ark. 525; *Hayes v. State*, 2013 Ark. 450; *Williams v. State*, 362 Ark. 416, 208 S.W.3d 761 (2005). In my opinion, this procedure better serves judicial economy in this case because it would allow us to review the entire record to determine whether it conclusively shows that Beverage is not entitled to relief, rather than requiring the trial court to hold a hearing on that issue. If, after reviewing the complete record, we determine that Beverage is not entitled to relief, no hearing would be required. In short, we should take the steps necessary to allow us to do our job of evaluating the record first, before imposing an additional, and potentially unnecessary, burden on the circuit court. Accordingly, I dissent from the majority opinion.

*James Law Firm*, by: *Lee D. Short*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.