## HAROLD SULLIVAN *v.* STATE OF ARKANSAS

CR 73-125                                    500 S.W. 2d 380

Opinion delivered October 29, 1973

*James M. Simpson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant's Rule I petition was denied and he appeals on the grounds that he had inadequate assistance of counsel, and that he did not make an intelligent waiver of his right to a jury trial.

In 1968 appellant entered a plea of guilty to having carnal knowledge of his step-daughter, age eleven years. He was sentenced to a period of not less than ten nor more than thirty years. On August 26, 1968 the court appointed attorney Marion Gill to represent the defendant and on the same day the plea of guilty was entered. Appellant testified at the Rule I hearing that the attorney conferred with him for about ten minutes; that he was told by the attorney he would get a life sentence if he did not plead guilty; that he had a fourth grade education; that no constitutional rights were ever explained to him; and that he was not told he had a right to trial by jury.

Deputy Sheriff Atkinson testified that he assisted Sheriff Robert Moore (now deceased) in the arrest of appellant and that while the three men were sitting in a car he heard Sheriff Moore read the rights form to appellant. He said the sheriff particularly explained to appellant that he had a right to a lawyer but appellant at that time did not ask for one.

Attorney Marion Gill testified on behalf of the State. He could not recall how long he interviewed the appellant, but it was his opinion that it was much longer than ten minutes. The attorney said he explained the applicable law to appellant, explained his rights, and obtained from appellant the information needed to properly advise him. The attorney could not recall specifically whether appellant related that he was guilty but said: "I have never in any criminal case allowed the person to enter a plea of guilty if they told me they were innocent." Mr. Gill said he also interviewed Sheriff Moore, one of the investigating officers. Also, the prosecuting witness happened to be in the courtroom and it was his recollection that he talked with her. He said there was nothing about the interview that indicated mental incompetency on her part. The attorney said he entered into plea bargaining negotiations either with the prosecuting attorney, the sheriff, or both, and related the results thereof to appellant. He said it was appellant's decision "to accept the terms that were offered and to enter a plea of guilty". The attorney was emphatic in his recollection that he told appellant he was entitled to a jury trial if he entered a plea of not guilty. Also, he was certain, he said, that the decision to enter a plea of guilty was the decision solely of appellant. Mr. Gill said he did not talk to the examining physician because, based on what appellant told him, he did not consider it necessary.

We think the evidence is sufficient to sustain the trial court's conclusion that appellant had adequate assistance of counsel. That is especially true in light of our rule that there is a presumption of competence which of course appellant must overcome. *Clark* v. *State*, 255 Ark. 13, 498 S.W. 2d 657.

Since it is our conclusion that appellant voluntarily entered a plea of guilty, there is no need to discuss his other point, namely, that he did not waive a trial by jury. *Medley* v. *Stephens*, 242 Ark. 215, 412 S.W. 2d 823 (1967) is authority for the proposition that a voluntary plea of guilty effects a waiver of trial by jury.

Affirmed.