2009 Ark. 249

**Stacy TUBBS a/k/a Stacey Tubbs, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–1284.**

Supreme Court of Arkansas.

April 30, 2009.

PER CURIAM.

A jury found appellant Stacy Tubbs, who is also sometimes known as Stacey Tubbs, guilty of possession of a controlled substance (cocaine) with intent to deliver and sentenced him as a habitual offender to life imprisonment. This court affirmed the judgment. *Tubbs v. State*, 370 Ark. 47, 257 S.W.3d 47 (2007). Appellant filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1, that was denied. We granted appellant's motion for belated appeal as to the order. *Tubbs v. State*, CR 08–1284, 2009 WL 277635 (Ark. Feb. 5, 2009) (unpublished per curiam). Appellant has now filed a pro se motion in which he seeks access to the record and an extension of time in which to file his brief.

Because it is clear that appellant cannot prevail, we dismiss the appeal and the motion is moot. An appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Booth v. State*, 353 Ark. 119, 110 S.W.3d 759 (2003) (per curiam). Here, appellant did not allege a sufficient basis in his petition for the trial court to grant relief.

█ In his petition, appellant asserted that trial counsel was ineffective for failing to move to suppress items seized during a search on the basis that the traffic stop from which the search resulted was pretextual.[1] The evidence at trial was that a police officer conducted a traffic stop on appellant after observing his vehicle cross the center line. While that officer was conducting a field sobriety test, another officer who had responded to the scene conducted a canine sweep of the vehicle. The dog alerted on the vehicle and the subsequent search produced numerous rocks of crack cocaine and other items. Appellant alleged that counsel would have been able to show that the stop was pretextual because he was already under investigation concerning the sale of drugs and the police were, as a result, aware of the vehicle that appellant drove. The trial court found that an objection to admission of the evidence on that basis would not have been successful.

█ This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Davis v. State*, 366 Ark. 401, 235 S.W.3d 902 (2006). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam). There was no clear error in this case.

█ Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007). Appellant must have alleged in the petition that counsel should have presented meritorious objections, because counsel is not ineffective for failing to make an argument that is meritless. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001). Counsel is presumed effective and allegations without factual substantiation are insufficient to overcome that presumption. *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam).

---

1. One page appears to be missing from the petition included in the record, and it is not clear whether that page was included in the petition filed or not. From the remainder of the petition and the ruling in the order denying postconviction relief, it is clear, however, that this is the sole question at issue.

■ Trial counsel filed a motion to suppress.[2] The trial court's findings in the order denying postconviction relief indicate that counsel did not raise the pretextual stop argument that is the basis for appellant's claim of ineffective assistance. Whether or not trial counsel raised the issue, the failure to do so did not constitute ineffective assistance because an objection on that basis would have been without merit. Appellant challenged the motivation of the police officer in making the stop and did not otherwise challenge the basis for the stop.

■ A pretextual stop does not violate federal constitutional law. *State v. Harris*, 372 Ark. 492, 277 S.W.3d 568 (2008) (citing *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003)); _4see also Herring v. U.S._, 555 U.S. 135, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009); *Whren v. U.S.*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). This court has never held a valid traffic stop to be unconstitutional because of a police officer's ulterior motives. *Harris*, 372 Ark. at 499, 277 S.W.3d at 575. Our common-law jurisprudence does not support invalidation of a search because a valid traffic stop was made by a police officer who suspected other criminal activity. *Id.*

Appellant's petition did not state facts to support a valid claim for postconviction relief. The trial court did not err in denying postconviction relief, and appellant cannot prevail on appeal. Accordingly, we dismiss the appeal and the motion is moot.

Appeal dismissed; motion moot.

2. Because it is a part of the public record already filed with the appellate court in the earlier appeal, the trial record is included as a part of the record before us without need to supplement the record. *See Drymon v. State*, 327 Ark. 375, 938 S.W.2d 825 (1997) (per curiam).