

# SUPREME COURT OF ARKANSAS

### No. CR-14-537

| | |
|---|---|
| KENNETH NEIL ROWAN<br><br>                              PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                              RESPONDENT | Opinion Delivered September 4, 2014<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER [SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66CR-13-359]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br><u>MOTION DENIED</u>. |

## PER CURIAM

In 2013, petitioner Kenneth Neil Rowan entered a plea of guilty to aggravated robbery in the Sebastian County Circuit Court in case no. 66CR-13-359.[1]  A sentence of 276 months' imprisonment was imposed, and imposition of an additional term of 204 months' imprisonment was suspended.

On March 5, 2014, appellant filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) in case no. 66CR-13-359.  The petition was denied.  Petitioner filed a "motion of appeal" in the trial court, but he did not timely file a notice of appeal that complied with Rule 2(a)(4) of the Rules of Appellate Procedure–Criminal (2013).  Petitioner now seeks leave to proceed with a belated appeal of the order.

---

[1]The sentencing order reflecting the conviction for aggravated robbery in 66CR-13-359 also reflects a plea of guilty to possession of a firearm by certain persons in case no. 66CR-13-238.

SLIP OPINION

We need not consider the grounds contained in the motion for belated appeal because it is clear from the record that appellant could not prevail if he were permitted to proceed with an appeal. *See Pruitt v. State*, 2014 Ark. 258 (per curiam). An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward when it is clear from the record that the appellant could not succeed. *Caery v. State*, 2014 Ark. 247 (per curiam) (citing *Williams v. State*, 2014 Ark. 70 (per curiam)).

Petitioner alleged in his Rule 37.1 petition that his attorney was ineffective in that counsel's failure to secure the witnesses that petitioner requested left him with no choice but to plead guilty. The witnesses he desired were described only as a psychiatrist, a psychologist, a counselor, a parole officer, and two sheriff's deputies. Petitioner also contended that his psychiatric treatment and mental health were never properly addressed and that he was not afforded a second opinion after he had been found competent at a time when he was taking psychiatric medication.

In an appeal from a trial court's denial of a claim of ineffective assistance of counsel under Rule 37.1, the sole question presented is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hickey v. State*, 2013 Ark. 237, 438 S.W.3d 446 (per curiam). Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A petitioner making an ineffective-assistance-of-counsel claim

SLIP OPINION

must show that counsel's performance fell below an objective standard of reasonableness. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). In doing so, the petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830. The petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam).

With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, a petitioner who has pled guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. A petitioner who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the petitioner did the act charged. *Id.* A petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Id.* The burden is entirely on a petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support a claim of prejudice. *Thompson*, 2013 Ark. 179. Conclusory statements cannot be the basis of postconviction relief. *Meek v. State*, 2013 Ark. 314 (per curiam). Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial

process rendering the result unreliable. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

Here, petitioner failed to demonstrate a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. Petitioner did not make the required showing of prejudice because his claims concerning the witnesses that counsel failed to secure and his mental health were conclusory in nature.

If a defendant petitioning for postconviction relief alleges ineffective assistance of counsel concerning the failure of counsel to secure a witness for trial, it is incumbent on the defendant to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *See Wertz v. State*, 2014 Ark. 340, ___ S.W.3d ___. Petitioner contended only that he requested that counsel obtain a psychiatrist, a psychologist, a counselor, a parole officer, and two sheriff's deputies to serve as witnesses. None of the persons was named, there was no summary of what the testimony of those persons would have been, and no showing that the testimony of those persons would have been admissible.

With respect to the allegations that his competency was not properly addressed and that he was not afforded a second opinion on his competency, petitioner did not offer supporting facts to demonstrate that any specific issue related to his competency should have been raised by counsel. It is the petitioner's burden to provide facts from which it can be determined that counsel did not meet the standard set by *Strickland*. *Caery*, 2014 Ark. 247.

When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. *See Scott v. State*, 2012 Ark. 159 (per curiam).

4

Petitioner's claim that he was forced to plead guilty by counsel's failure to obtain the witnesses needed for trial and his claim concerning his competency fell far short of establishing that his plea was not voluntarily and intelligently entered or that it was entered without effective assistance of counsel. For that reason, petitioner could not prevail on appeal from the trial court's order. Accordingly, there is no good cause to permit a belated appeal.

Motion denied.

*Kenneth Rowan*, pro se petitioner.

No response.