SLIP OPINION

Cite as 2015 Ark. 477

# SUPREME COURT OF ARKANSAS

No. CR-14-286

| | | |
|---|---|---|
| HOWARD WOOD | | **Opinion Delivered** December 17, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT |
| V. | | [NO. 64CR-13-36] |
| | | |
| STATE OF ARKANSAS | | HONORABLE JERRY DON RAMEY, |
| | APPELLEE | JUDGE |
| | | |
| | | <u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant, Howard Wood, entered a guilty plea to one count of sexual assault in the first degree and was sentenced to thirty years imprisonment. On October 7, 2013, pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2013), Wood filed a petition for postconviction relief. On January 10, 2014, without holding a hearing, the circuit court denied Wood's petition.

From the circuit court's January 10, 2014 order denying his Rule 37.1 petition, Wood appeals.[1] In his appeal, Wood contends that the circuit court erred in denying his petition

---

[1] On July 1, 2014, Wood tendered a motion for extension of time to file a reply brief and supplement the abstract and/or addendum pursuant to Ark. Sup. Ct. R. 4-7. On July 23, 2014, the State responded. On July 30, 2015, Wood filed his reply brief and supplemental addendum. We grant Wood's motion for extension of time to file a reply brief and deny his motion to supplement the abstract and/or record.

On July 21, 2014, Wood filed a motion to demonstrate new evidence. The motion is denied.

SLIP OPINION

because: (1) defense counsel was ineffective on seven separate grounds;[2] and (2) the circuit court erred in failing to hold an evidentiary hearing.

*Standard of Review*

Our standard of review in Rule 37.1 petitions is that, "on appeal from a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying post-conviction relief unless it is clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence is left with the definite and firm conviction that a mistake has

---

[2]The seven separate grounds are as follows:

1. The circuit court erred in denying Wood's Rule 37.1 petition because defense counsel was ineffective when she did not object to the charging information on the ground that Wood was charged with a violating a statute that was not in effect when he committed the offense.
2. The circuit court erred in denying Wood's Rule 37.1 petition because defense counsel was ineffective when she failed to request a mental evaluation when she knew or should have been aware Wood suffered from PTSD. Wood also argues that the circuit court erred in denying his claims regarding his mental health.
3. The circuit court erred in denying Wood's Rule 37.1 petition because the prosecutor engaged in prosecutorial misconduct in violation of his due-process rights.
4. The circuit court erred in denying Wood's Rule 37.1 petition because the sentencing order is facially invalid.
5. The circuit court erred in denying Wood's Rule 37.1 petition because he is not receiving jail-time credit Wood claims he is entitled to.
6. The circuit court erred in denying Wood's Rule 37.1 petition because his counsel did not conduct an adequate investigation.
7. Wood is entitled to postconviction relief because he was coerced into waiving his right on appeal, and Wood was prejudiced.

SLIP OPINION

been committed. *Id.*, 402 S.W.3d at 74." *Mason v. State*, 2013 Ark. 492, at 1–2 (citations omitted).

When considering an appeal from a circuit court's denial of a Rule 37 petition, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783. The rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52 (1985). In that case, the Supreme Court held that the "cause and prejudice" test of *Strickland*, 466 U.S. 668, applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59. An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the appellant did the act charged. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874. Further, a petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Scott v. State*, 2012 Ark. 199, 8–9, 406 S.W.3d 1, 5-6 (2012).

Additionally, where a Rule 37 petition is denied without a hearing pursuant to Rule 37.3(a), we review the circuit court's written findings setting forth that the petition is wholly without merit or that it is conclusive on the face of the record that the petitioner is entitled

3

to no relief for clear error. *See Henington v. State*, 2012 Ark. 181, at 9, 403 S.W.3d 55, 62.

## I. *Ineffective Assistance of Counsel*

With these standards in mind, we now turn to the issues raised by Wood. Wood asserts that the circuit court erred with regard to seven separate grounds of relief on his ineffective-assistance-of-counsel argument.

### A. Statutory/Charging Error

First, Wood asserts that the circuit court erred in denying Wood's Rule 37.1 petition because defense counsel was ineffective when she did not object to the charging information on the ground that Wood was charged with violating a statute, Ark. Code Ann. § 5-14-124(a)(3), which Wood alleges was not in effect when he committed the offense. The record demonstrates that the crime was alleged to have been committed on or around March 27, 2013. Wood alleges that the subsection he was charged under, Ark. Code Ann. § 5-14-124(a)(3), was not in effect because the legislature amended Ark. Code Ann. § 5-14-124 in Act 1044 of 2013.

Wood's argument fails because the substantive law in effect on the date the crime was committed controls. *See Berry v. State*, 278 Ark. 578, 582, 647 S.W.2d 453, 456 (1983). Here, the crime occurred on March 27, 2013, the amended legislation did not go into effect until August 2013. Thus, the amendment has no bearing on Wood's case. *See* Ark. Code Ann. § 5-14-124. Counsel is not ineffective for failing to make a meritless objection. *Tubbs v. State*, 2009 Ark. 249, 370 S.W.3d 157. Therefore, we affirm the circuit court on this first point.

B. Mental Health Issues

For his second claim, Wood asserts that the circuit court erred when it denied his Rule 37.1 petition because his defense counsel failed to request a mental evaluation when she knew, or should have known, that Wood suffered from post-traumatic stress disorder ("PTSD"). Wood further asserts that the circuit court erred because it should have sua sponte ordered a mental evaluation.

Wood presented his mental-health arguments to the circuit court in his Rule 37.1 petition, and in its January 10, 2014, order the circuit court denied his claims and held:

> The fourth argument by the Defendant is that his attorney failed to inquire about his mental capacity. This allegation is without merit. . . . During acceptance of the plea agreement, the Defendant was specifically asked whether he was under any mental disability or impairment. After the Defendant replied in the affirmative, the Defendant was asked whether it was anything that would keep him from understanding what we are doing today. His reply was "No, your honor." He was then asked whether he was under in influence of any medicine or anything that would cause him to be foggy or cause any problems at all. His reply was "No, your honor." . . . As a follow up, the Court . . . asked the Defendant; "On the impairment, and I hate to get personal, but I need to know what is it?" The Defendant replied; "Post traumatic stress disorder, combat related." The Court then inquired, "Okay, so that would not affect your thought process for today?" The Defendant's reply was "No sir."

On appeal, Wood presents several arguments regarding his mental health and that he suffers from PTSD – but none of the arguments are meritorious. First, with regard to the requisite culpable intent, violation of Ark. Code Ann. § 5-14-124 does not require a requisite intent. *See Martin v. State*, 2015 Ark. 147, at 1, 460 S.W.3d 289, 290. Although Wood asserts the circuit court should have sua sponte suspended the guilty plea proceeding and he is entitled to relief, at the guilty plea hearing, Wood stated that the PTSD he claimed to suffer from did not affect his thought processes. Second, a petitioner is presumed to be competent

to enter a guilty plea and Wood has failed to point to specific evidence that he was not. "That is especially true in light of our rule that there is a presumption of competence which . . . appellant must overcome. *Clark v. State*, 255 Ark. 13, 498 S.W.2d 657 (1973)." *Sullivan v. State*, 255 Ark. 376, 377, 500 S.W.2d 380, 381 (1973).

Additionally, the record does not demonstrate that the circuit court erred, because Wood did not allege that, but for defense counsel's alleged errors, he would not have entered a guilty plea. As previously noted, in this situation, Wood must allege some direct correlation between counsel's deficient performance and the decision to enter the plea, or Wood is procedurally barred from postconviction relief. *See Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. Wood has failed to meet the standard, and we affirm the circuit court.

## C. Prosecutorial Misconduct

Third, Wood asserts that the circuit court erred in denying Wood's Rule 37.1 petition because the prosecutor engaged in prosecutorial misconduct in violation of his due-process rights. Wood asserts that the prosecutor threatened to charge him with four additional counts and this threat infected the trial with unfairness and injustice.

*Camacho v. State*, 2011 Ark. 235, at 2, held that "direct challenges such as . . . prosecutorial misconduct are not cognizable in Rule 37.1 proceedings." Additionally, a plea of guilty that is induced by the possibility of a more severe sentence does not amount to coercion. *Akin v. State*, 2011 Ark. 477, at 3. Therefore, we do not find error and affirm the circuit court.

## D. Facially Invalid Order

For his fourth claim, Wood asserts that the circuit court erred in denying Wood's Rule 37.1 petition because the sentencing order is facially invalid because the date on the order is incorrect, thus rendering the order facially invalid. Wood contends that the error in the date evidences that his counsel entered a plea agreement without his knowledge, and the sentencing order is facially flawed.

The record demonstrates that the sentencing order indicates a date of July 2, 2013, which was the original date scheduled for the pretrial hearings. The circuit court's order explained that on that date, the presiding judge, Judge Ramey, was in the hospital. Judge Tom Cooper sat as a special judge and continued the matter until July 16, 2013. However, as was customary, the sentencing order and other plea documents were drafted in anticipation of the July 2, 2013 hearing. Then on July 16, 2013, Judge Ramey accepted Wood's plea. Judge Ramey utilized the previously prepared documents, indicating the July 2, 2013 date. Based on these facts and our review of the record, the date error was a merely clerical and did not affect the validity of the order. Additionally, cognizable claims are limited to those asserting that his plea was not entered intelligently and voluntarily upon advice of competent counsel. *See Polivka*, 2010 Ark. 152, 362 S.W.3d 918; *Camacho*, 2011 Ark. 235, 2. Instead, Wood asserts that his counsel entered into a plea without his knowledge on July 2, 2013, even though his signature appears on the plea documents. Thus, in his petition Wood failed to claim that there was a reasonable probability that, but for counsel's errors, petitioner would not have so pleaded and would have insisted on going to trial. *Buchheit v. Norris*, 339 Ark. 481, 483, 6 S.W.3d 109, 111 (1999).

SLIP OPINION

E. Jail Time Credit

For his fifth claim, Wood asserts that the circuit court erred in denying Wood's Rule 37.1 petition because he did not receive 1,100 days' jail-time credit that he alleges he is entitled to based on the order. The circuit court denied this claim and held that "it is clear from review of the transcript that the credit of one hundred (100) days is correct."

Again, Wood's claim is not a cognizable claim related to whether his plea was entered intelligently and voluntarily upon advice of competent counsel. *See Polivka*, 2010 Ark. 152, 362 S.W.3d 918; *Camacho*, 2011 Ark. 235. Further, the record does not support Wood's argument. Wood must assert that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Buchheit*, 339 Ark. at 483, 6 S.W.3d at 111. Wood has failed to meet this standard, and we affirm the circuit court.

F. Adequate Investigation

For his sixth claim, Wood asserts that the circuit court erred in denying Wood's Rule 37.1 petition because his counsel did not conduct an adequate investigation. Wood contends that his counsel was ineffective because she did not read the affidavit of probable cause or discuss the case with him before he pleaded guilty.

In his petition, Wood failed to allege that counsel performed so deficiently and that Wood suffered prejudice so severe resulting from counsel's error that, but for the error, he would not have pleaded guilty. Conclusory statements that counsel was ineffective will not sustain a Rule 37 petition. *Anderson*, 2011 Ark. 488, at 5. In order to assert a cognizable

claim for Rule 37 relief, Wood must assert facts that, if proven, would establish a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Wood's petition failed to meet this standard and we affirm the circuit court.

### G. Waiver of Right to Appeal

For his seventh claim, Wood asserts that he is entitled to postconviction relief because he was coerced into waiving his right to appeal, and he was prejudiced. The circuit court denied Wood's claim and held that "it is clear from review of the transcript and plea documents that the present matter was not taken as a conditional plea. As such the present allegation is denied." In his petition, Wood presented an argument regarding conditional and unconditional pleas. On appeal, Wood simply argues that "[Counsel] advise[d] [Wood] that he could not appeal any portion of his conviction and instructed [Wood] to waive his right to appeal . . . [Counsel] was ineffective coercing [Wood] into waiving his right to appeal and suffered prejudice by losing said . . . review."

Based on the record and Wood's argument, Wood has failed to assert that based on the alleged ineffectiveness, he would not have pleaded guilty and would have gone to trial. Further, the record demonstrates that even if we construed his pleading to contend that he would not have entered an unconditional plea absent counsel's errors, Wood did not claim that counsel could have recommended entering a conditional plea. Also, pursuant to Rule 1(a) of the Arkansas Rules of Appellate Procedure – Criminal (2015), "except as provided by A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere."

Accordingly, based on the record before us, the circuit court did not err, and we affirm on this point.

## II.  *The Circuit Court Erred in Not Holding an Evidentiary Hearing*

Wood asserts that the circuit court also erred by not holding an evidentiary hearing. Arkansas Rule of Criminal Procedure 37.3(a) (2011), provides that when the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.  "It is undisputed that the trial court has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *See Bilyeu v. State*, 337 Ark. 304, 987 S.W.2d 277 (1999); *Luna-Holbird v. State*, 315 Ark. 735, 871 S.W.2d 328 (1994)." *Sanders v. State*, 352 Ark. 16, 25, 98 S.W.3d 35, 41 (2003).  When a petition for postconviction relief is denied without a hearing, we review the circuit court's written findings pursuant to Rule 37.3(c) and will reverse only when the circuit court fails to make the required findings or where the circuit court's written findings to the effect that the petition is wholly without merit or that it is conclusive on the face of the petition that no relief is warranted, are clearly erroneous. *Id.*

Additionally, pursuant to Rule 37.1, a petitioner has the burden of pleading "in concise, nonrepetitive, factually specific language" at least one cause of action that is cognizable under the rule, and he must plead facts that support his claim.  See Ark. R. Crim. P. 37.1(b); *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004).  Further, conclusory

allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. *Nance v. State*, 339 Ark. 192, 4 S.W.3d 501(1999).

Here, the record of Wood's case conclusively shows that Wood is entitled to no relief. Thus, we conclude that the circuit court's written findings complied with Rule 37.3 and we hold that the allegations in Wood's petition are such that it is conclusive on the face of the petition that no relief is warranted. As discussed at length above, Wood's arguments are unsupported by the record, not cognizable in a Rule 37 proceeding, conclusory or fail to allege that, but for the alleged errors, he would not have entered his guilty plea and would have insisted on going to trial. Therefore, having considered all of Wood's arguments and having carefully reviewed the record in its entirety, we cannot say that the circuit court clearly erred in denying Wood's petition without an evidentiary hearing.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The circuit court's—and the majority's—disposition of this case does not comport with the dictates of Rule 37.3 of the Arkansas Rules of Criminal Procedure. Therefore, I respectfully dissent.

Wood pleaded guilty and accepted the maximum sentence of thirty years' imprisonment. Wood was then denied postconviction relief without a hearing. Under Rule 37.3(a), this disposition is available only if "the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief." Thus, the burden is on the circuit court to determine whether it is conclusively shown that the petitioner is not entitled

to relief. In this case, summary disposition was improper. This is not a situation in which Wood's petition was untimely, *see, e.g.*, *Newton v. State*, 2014 Ark. 538, 453 S.W.3d 125, or one in which his claims were not cognizable under Rule 37, *see, e.g.*, *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538. As the majority notes, Wood alleged in his petition seven different reasons why his counsel was ineffective. The preprinted Rule 37 petition form—which Wood used—listed grounds A through N to support postconviction relief under Rule 37. Wood tied the allegations of his trial counsel's deficiencies to three of the grounds specified on the preprinted form: (E) Prosecutorial Misconduct; (M) Denial of Right of Appeal; (N) Mental Incompetence.

My particular focus is on Wood's assertions related to his claim that he suffered from posttraumatic stress disorder ("PTSD"). In response to Wood's claims, the majority first states that the crime with which Wood was charged does not require a requisite intent. The majority misconstrues the law. *Gaines v. State*, 354 Ark. 89, 118 S.W.3d 102 (2003) and Arkansas Code Annotated section 5-14-124 (Supp. 2011) show only that a defendant may not raise a consent and a mistake-of-age defense. Moreover, the focus is not whether Wood had PTSD at the time of the crime, but whether his PTSD impacted his decision to plead guilty. The question to be answered is whether there is a reasonable probability that, but for counsel's errors, Wood would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The majority further notes that Wood stated at the guilty-plea hearing that the PTSD did not affect his thought process. While the majority engages in fact-finding unsupported

by any evidence, surely the majority does not seriously mean to suggest that if Wood was affected by PTSD at the guilty-plea hearing, that he, as a nonexpert, would be cognizant of it and completely aware of the disease's full effect at the time of the guilty-plea hearing.

The majority states that Wood has failed to point to specific evidence that he was not competent to enter a guilty plea. The statement he made in open court regarding PTSD, however, constitutes specific evidence. The record does suggest that he is a 100 percent disabled veteran, which brings into question the propriety of the circuit court's—and this court's—cavalier attitude concerning Wood's PTSD claim. Thus, at a minimum, a review of his medical record is warranted, and a hearing is therefore necessary.

The majority further asserts that Wood did not allege that, but for defense counsel's alleged errors, he would not have entered a guilty plea. While Wood did not assert in thaumaturgical word-by-word on his preprinted petition form that, but for his trial counsel's ineffectiveness, he would not have pleaded guilty, his entire focus on his attorney's conduct can be explained by the preprinted form itself. That form makes no provision for such an assertion—the form is optimized for ineffectiveness claims arising from deficient performance at trial. Nonetheless, this should not be fatal to Wood's position. A similar defect did not prevent this court from ordering an evidentiary hearing in *Beverage v. State*, 2015 Ark. 112, 458 S.W.3d 243, a case handed down earlier this year. As this court did in *Beverage*, I would reverse and remand this case for an evidentiary hearing. Moreover, before the circuit court denied Wood's petition for postconviction relief, it had before it pleadings in which Wood made that allegation. The circuit court attempted to justify this finding almost two months

after denying Wood's petition when it further ruled that it would not consider the pleadings that it had before it at the time that it denied the petition, even though those pleadings contain the language the majority now finds dispositive. This may be process, but it is not due process.

Thus, I respectfully dissent.

Prepared by *Ken Kittler* for *Howard Wood, Jr.*, appellant pro se.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.