Cite as 2020 Ark. App. 81

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-19-380

| | |
|---|---|
| KYNDRA LAKIESHA RINGO<br><br>APPELLANT<br><br><br>V.<br><br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** February 5, 2020<br><br>APPEAL FROM THE CLEVELAND COUNTY CIRCUIT COURT<br>[NO. 13CR-16-56]<br><br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Kyndra Ringo appeals from the denial of her petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. On appeal, she urges that the circuit court clearly erred in denying her petition for relief. We find no error and affirm.

I. *Factual and Procedural Background*

In 2014, the Cleveland County Sheriff's Department conducted an undercover drug investigation of Ringo utilizing a confidential informant (CI). The CI advised that Ringo had telephoned her and offered to sell crack cocaine. Sheriff's department investigators met with the CI, provided a recording device for the transaction, and arranged for a controlled buy of drugs from Ringo. The CI met Ringo at Ringo's house, where Ringo exchanged a rock of cocaine for the controlled-buy money. Later, the sheriff's department retrieved the controlled substance from the CI. The department also retrieved a video recording of the

transaction and was able to observe Ringo packaging the substance and exchanging it with the CI for the buy money.

Ringo was eventually charged with one count each of delivery of cocaine, use of a communication device in the commission of a felony, and maintaining a drug premises; the State also sought a ten-year enhancement for delivering a controlled substance within 1,000 feet of a park.[1] Ringo entered negotiations with the State, pursuant to which she agreed to plead guilty to the delivery-of-cocaine charge and the enhancement and the State agreed to nolle pros the use-of-a-communication-device and drug-premises counts.

The Cleveland County Circuit Court held a hearing on Ringo's plea. Ringo appeared with her counsel. Under oath, Ringo made the following admissions: (1) that she was pleading guilty to one count of delivery of cocaine because she was guilty of that offense; (2) that the delivery took place within 1,000 feet of the Rison Veterans' Park; and (3) that she accepted the plea deal after talking to her attorney. The circuit court accepted Ringo's plea and sentenced her to five years for the delivery count and ten years for the enhancement for a total of fifteen years in the Arkansas Department of Correction.

Ringo subsequently filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Under the overarching complaint that her counsel "was unwilling to engage in any meaningful discussion of the plea offer," Ringo

---

[1]*See* Ark. Code Ann. § 5-64-411(a)(1)(B)−(2)(A) (Repl. 2016) ("A person is subject to an enhanced sentence of an additional term of imprisonment of ten (10) years if [t]he person . . . delivers . . . a controlled substance in violation of §§ 5-64-410–5-64-440; and . . . [t]he offense is committed on or within one thousand feet (1,000′) of the real property of . . . [a] city or state park.").

raised three specific complaints. First, she alleged that the State would have had difficulty proving count 2—the charge of using a communication device—if it had proceeded to trial. Second, she argued that the State would likely have been unable to prove that the drug sale took place within 1,000 feet of the park, and she would have known about this issue if counsel had "accommodated her request to review the discovery materials, but he did not." Third, Ringo asserted that if she had gone to trial, been found guilty on all three counts, and gotten the maximum prison term on each count plus the ten-year enhancement, she would "likely be spending less time in prison than under the current agreement."

The circuit court held a hearing on Ringo's petition for postconviction relief, at which time it heard testimony from Ringo and her trial counsel. The court subsequently entered a written order denying Ringo's petition, expressly addressing and rejecting each of her three claims. Ringo filed a timely notice of appeal and now assigns error to each of the court's findings.

II. *Standard of Review*

This court will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Mancia v. State*, 2015 Ark. 115, at 4, 459 S.W.3d 259, 264. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Raupers v. State*, 2018 Ark. App. 401, at 2.

Here, Ringo alleges that she is entitled to postconviction relief because of the ineffectiveness of her counsel. We review a claim of ineffective assistance of counsel under the benchmark set forth in *Strickland v. Washington*, 466 U.S. 668 (1984): whether counsel's

3

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Mancia*, *supra*. Under *Strickland*, we assess the effectiveness of counsel using a two-prong standard. First, a petitioner raising a claim of ineffective assistance of counsel must show that his or her counsel's performance fell below an objective standard of reasonableness. *Osburn v. State*, 2018 Ark. App. 97, at 2, 538 S.W.3d 258, 260. Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Id*. at 3, 538 S.W.3d at 260.

Regarding the first prong, Ringo must prove that her guilty plea was not made on the advice of competent counsel. We have held that this is a high standard because a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 2–3, 538 S.W.3d at 260. Regarding the second prong, Ringo must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id*. at 3, 538 S.W.3d at 260–61. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*., 538 S.W.3d at 261.

The *Strickland* standard also applies to allegations of ineffective assistance of counsel pertaining to possible prejudice in guilty-plea and sentencing proceedings. *Mancia*, 2015 Ark. 115, at 5, 459 S.W.3d at 264. However, "on appeal from the denial of a Rule 37 petition following pleas of guilty there are only two issues for review—one, whether the plea of guilty was intelligently and voluntarily entered, [and] two, were the pleas made on

the advice of competent counsel." *Mancia*, 2015 Ark. 115, at 11, 459 S.W.3d at 267 (citing *Branham v. State*, 292 Ark. 355, 356, 730 S.W.2d 226, 227 (1987)).

Here, to establish prejudice and prove that she was deprived of a fair trial due to ineffective assistance of counsel, Ringo must demonstrate a reasonable probability that, but for counsel's errors, she would not have entered a guilty plea and would have insisted on going to trial. *Rowan v. State*, 2014 Ark. 353, at 3, 438 S.W.3d 918, 922. In this regard, Ringo faces considerable difficulty in proving any prejudice, because the plea rests on an admission in open court that she did the act charged. *Id.* Our supreme court has held that a petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Id.*

### III. *Discussion*

Ringo raised three points in her Rule 37 petition. We address the circuit court's rulings on these issues and Ringo's arguments on appeal in turn.[2]

### A. The State's "Dilemma"

Ringo was charged with one count of use of a communication device in the commission of a felony. In her Rule 37 petition, Ringo alleged that the State "faced a dilemma if this count proceeded to trial." She asserted that in order to secure a conviction on this charge, the State would have had to reveal the identity of the confidential informant by calling her as a witness, thus forfeiting her future use in undercover operations. She

---

[2]Below, the circuit court rejected Ringo's blanket argument that counsel had not communicated with her. Ringo does not expressly challenge this finding on appeal.

5

argued that the State probably would not have wanted to blow the CI's cover. On appeal, Ringo reiterates the arguments she presented in her Rule 37 petition.

We find no merit to her contentions and affirm the circuit court's order. The circuit court found that Ringo failed to present any testimony in support of her arguments. Our review of the testimony presented at the Rule 37 hearing reveals that this issue was not even mentioned below. The burden is entirely on a petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support a claim of prejudice. *Rowan*, 2014 Ark. 353, at 3, 438 S.W.3d at 922. The circuit court also noted that Ringo's argument rested on an unknown presumption—that the State would not have called the confidential informant— and that in any event, when Ringo pled guilty, the State nolle prossed this count. The court therefore found that Ringo failed to prove counsel was ineffective with respect to this allegation. We agree. The circuit court did not clearly err in rejecting Ringo's claims for postconviction relief on this point.

## B. The Proximity Enhancement

In her second claim for Rule 37 relief, Ringo alleged that her counsel failed to tell her that the State might not have been able to prove that her residence was within 1,000 feet of a park. At the Rule 37 hearing, Ringo and her trial counsel provided conflicting testimony on this issue. Ringo testified that her counsel never advised her that the State's proof about the enhancement might be lacking; however, she recalled her guilty-plea hearing and said she realized that one of the things to which she pled guilty was committing the crime within 1,000 feet of the park. Ringo testified that she "admitted to that and pled guilty to that." Her counsel, on the other hand, testified that he had searched the location

6

of Ringo's house and the location of the park on Google Earth and determined that, in his estimation, the State could have proved that her house and the park were within 1,000 feet of each other. Counsel further asserted that if he had not thought the State could prove this particular charge, he would not have had Ringo plead guilty.

In its order, the circuit court addressed Ringo's claim that counsel failed to advise her of the State's lack of proof on the proximity enhancement. It pointed out that Ringo presented no proof that the drug delivery did *not* take place within the requisite distance. The court credited counsel's testimony that while he did not directly measure the distance, he consulted Google Earth, which showed the distance to be less than 1,000 feet. Finally, the court noted that at the time of her guilty plea, Ringo admitted that the drug sale took place within 1,000 feet of the park. Accordingly, the court found that Ringo's claims of ineffective assistance failed on this allegation.

On appeal, Ringo argues that counsel was ineffective because instead of telling her that the State could not prove the distance element of the enhancement, "he simply mentioned that her residence quite possibly lay within 1,000 feet of the park, suggested that she take that fact into account, and left it at that." She does *not* argue, however, that had counsel expressly told her of the purported deficiencies in the State's proof, she would not have pled guilty. She challenges the testimonial and factual bases for the circuit court's findings, but she does not make this critical argument. To establish prejudice and prove that he or she was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, he or she would not have so pleaded and would have insisted on going to trial. *Scott*

7

*v. State*, 2012 Ark. 199, at 4–5, 406 S.W.3d 1, 3–4 (citing *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). Ringo complains about the court's factual findings, but she fails to demonstrate that but for counsel's errors, she would not have pled guilty and would have insisted on going to trial.

## C. Parole Eligibility

Ringo's third claim in her Rule 37 petition was her contention that if she had gone to trial, been found guilty of all three counts, and been sentenced to the maximum prison term for each plus the sentencing enhancement, her parole-eligibility date could have been earlier than the parole-eligibility date she actually received. At the hearing, Ringo testified about her perception of how the sentencing enhancement would be effectuated. Most of her testimony, however, was centered on whether she had been told that she would have to serve the ten-year sentence enhancement "day for day."[3]

Ringo's entire position is premised on the discretion of the circuit court to run sentences concurrently or consecutively. Although she takes this position, she did not offer testimony or evidence in support of her theory that the circuit court would have exercised its discretion to run her sentences concurrently. The circuit court thus correctly found that Ringo failed in her burden of proof because she presented no testimony in support of her allegation. Moreover, the court correctly determined that her argument rested on speculation that the court would have run her sentences concurrently. Finally, Ringo never testified that if counsel had told her about the possibility of the court's exercising its

---

[3]Ringo has abandoned any argument about this specific issue on appeal.

discretion to run the theoretical sentences concurrently, she would not have agreed to plead guilty. Ringo's proof therefore fell short of that which is required under *Strickland*, and the circuit court's findings on this issue were not clearly erroneous.[4]

Affirmed.

GLADWIN and HARRISON, JJ., agree.

*Robinson & Zakrzewski, P.A.*, by: *Luke Zakrzewski*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.

---

[4]We also note that Ringo's arguments in this section depend heavily on an analysis of the statutes pertaining to an offender's release-eligibility dates. *See, e.g.*, Ark. Code Ann. § 16-93-612 (Supp. 2019); Ark. Code Ann. § 16-93-614. Ringo did not raise these specific statute-based arguments below, and she is therefore precluded from raising them for the first time on appeal. *Myers v. State*, 2020 Ark. App. 16, at 1.