Cite as 2020 Ark. App. 270

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–19–961

| | | |
|---|---|---|
| | | **OPINION DELIVERED:** APRIL 29, 2020 |
| KENNETH MILLER | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-18-661] |
| V. | | HONORABLE GRISHAM PHILLIPS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Kenneth Miller appeals the denial of his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2019). He argues that the circuit court erred by denying his petition without a hearing. We affirm.

I. *Facts and Procedural History*

Miller was charged with twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. Ark. Code Ann. § 5-27-602 (Repl. 2013). He entered into a negotiated plea of nolo contendere to four counts, and he was sentenced to concurrent ten-year sentences on the first two counts and concurrent ten-year sentences on the second two counts, and those sentences were ordered to be served consecutively. The State nol-prossed the remaining sixteen counts; therefore, Miller was sentenced to a term of twenty years' imprisonment by an amended sentencing order filed June 19, 2019.

On September 11, 2019, Miller filed a petition for postconviction relief in the circuit court pursuant to Rule 37.1. He asked for an evidentiary hearing and for appointed counsel, and he claimed that he had been denied effective assistance of counsel. He alleged that because he was sentenced to an aggregate term of twenty years when the "sentencing grid" provides that a "similarly situated defendant as this petitioner can be sentenced to a presumptive term of 0-mos. in prison," it was a conflict of interest for trial counsel to "coerce a guilty [plea]" to a term of 120 months and then to allow any consecutive term amounting to 240 months. He claimed that he is a first offender with no criminal history. He alleged, "All the while, [counsel was] 'ill advising' this defendant that if he refused the errant plea offer . . . that the State would withdraw the plea and in no uncertain terms and implement the maximum term punishable by law!" He claimed, "This was the gravamen for the plea!" He argued that (1) he would not have entered a guilty plea had he not been ill advised by trial counsel that "same had achieve[d] the proper concession available under the sentencing grid," which was based on legislative intent; (2) he was denied actual and constructive counsel because counsel "failed to conduct adequate investigation of mitigation [*sic*] facts" during the sentencing phase; and (3) his Sixth Amendment right to "constitutionally adequate counsel" was violated, and this violation amounted to a denial of due process under the Fourteenth Amendment.

By order filed September 11, 2019, the circuit court denied Miller's petition. The circuit court found Miller's allegation that his confession was coerced was not supported by facts and did not state how it related to his allegation of ineffective assistance of counsel. The circuit court's order states:

2. Petitioner alleges that his attorney coerced him into pleading guilty by stating that his attorney advised him that if he did not accept the State's negotiated plea offer, the offer would be withdrawn. The Court notes that this is probably true and most likely would have been put on the record. However, whether or not it is true, this allegation would not support a finding of ineffective assistance of counsel. The State had charged Petitioner with twenty (20) counts of Possessing Matter Depicting Sexually Explicit Conduct of a Child, all Class C felonies, all punishable by up to ten (10) years in prison. The Petitioner was facing a prison sentence of up to 200 years. The State's plea offer was that the Petitioner plead to four (4) counts and two (2) consecutive 120-month sentences and in exchange, sixteen (16) counts would be nol-prossed. This is nothing but an exercise of defense tactics on the part of Petitioner's attorney and does not constitute ineffective assistance of counsel. The Court will not second-guess an attorney's tactics unless those tactics are so other-worldly or bizarre that any reasonable person would conclude that the tactics were inappropriate. In this case, the Court believes that Petitioner's attorney made a wise decision in encouraging Petitioner to accept the plea offer. Additionally, Petitioner signed a plea statement stating that he was pleading voluntarily and that he was satisfied with his attorney's representation of him. The Court notes that Petitioner pleaded "no contest," not "guilty."

3. Petitioner appears to allege that his attorney was ineffective for not procuring a plea bargain that would have placed him on probation instead of netting him a prison term, but his reliance on the sentencing guidelines and the fact that he had a criminal history of zero to justify an argument that he should have received probation ignores the fact that he was charged with twenty (20) counts, not one (1).

4. The remainder of Petitioner's petition cites law but does not contain any statement of facts to support his petition. As previously stated, Petitioner must support his allegations with facts.

Miller filed a timely notice of appeal on September 30, and this appeal followed.

II.  *Standard of Review*

The Arkansas Supreme Court set forth the applicable law as follows:

Effectiveness of counsel is assessed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687. The petitioner bears the burden of overcoming a presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Howard v. State*, 367 Ark. 18, 32, 238 S.W.3d 24, 35 (2006). Petitioner must identify specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Isom v. State*, 2010 Ark. 495, at 2–3, 370 S.W.3d 491, 492–93. Conclusory statements that counsel was ineffective cannot be the basis of postconviction relief. *Anderson v. State*, 2011 Ark. 488, at 5, 385 S.W.3d 783, 788. In appeals of postconviction proceedings, this court will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *State v. Brown*, 2009 Ark. 202, at 8, 307 S.W.3d 587, 593.

*Mitchell v. State*, 2012 Ark. 242, at 2.

Rule 37.3(a) (2019) of the Arkansas Rules of Criminal Procedure delineates the procedure for summary disposition of a Rule 37.1 petition.

Under Rule 37.3, the trial court has the discretion to deny relief without a hearing when it is conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. If it is conclusive on the face of the petition that no relief was warranted, then the trial court did not err in declining to hold an evidentiary hearing on a claim for relief. *Beverage v. State*, 2015 Ark. 112, 458 S.W.3d 243.

*Williams v. State*, 2019 Ark. 129, at 4, 571 S.W.3d 921, 925.

III.  *Discussion*

In his argument on appeal, Miller contends that the circuit court failed to hold an evidentiary hearing as he requested.  He argues that because no hearing was held, he was

4

denied due process. He relies on his petition below to show that his counsel's representation fell below an objective standard of reasonableness and that but for counsel's error, the results of the trial would have been different. He acknowledges that the circuit court does not have to hold a hearing if it can be determined from the record that the petition is wholly without merit or if the allegations in the petition are conclusory on their face and no relief is warranted. He denies that this is the case. He contends that the circuit court failed to make "specific written conclusions of law" on each issue.

The State argues that the circuit court did not err by denying Miller's Rule 37 petition without holding an evidentiary hearing. We agree. In the context of a guilty plea, a petitioner claiming ineffective assistance of counsel must prove that his plea was not made on the advice of competent counsel. *E.g.*, *Ringo v. State*, 2020 Ark. App. 81, at 4, 594 S.W.3d 133, 137. This is a high standard because this court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* Moreover, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. *Id.* at 5, 594 S.W.3d at 137. Prejudice under these circumstances is difficult to prove, as the plea rests on an admission in open court that the petitioner committed the charged offenses. *Id.*

The circuit court's order adequately sets out its reasoning for denying Miller's Rule 37 petition. As set forth above, the circuit court addressed the basis for Miller's claim— counsel advised Miller that the State would withdraw the plea deal if Miller did not accept it. The circuit court found that counsel's assertion that the plea deal would have been

5

withdrawn was true and that the allegation did not support an ineffective-assistance-of-counsel claim. The circuit court committed no error in finding that counsel's advice to take the plea was a defense tactic properly exercised. When a decision by counsel was a matter of trial tactics or strategy and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Mister v. State*, 2014 Ark. 445, at 7, 446 S.W.3d 624, 627.

Further, the circuit court found that Miller's argument was premised on his contention that because he had no criminal history, he was entitled to receive probation. The circuit court noted that Miller's argument did not consider that he was charged with twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. As the circuit court stated, Miller's exposure, absent the negotiated plea, was 200 years' imprisonment. Allegations without factual substantiation are not sufficient to overcome the presumption that counsel was effective and cannot form a basis for postconviction relief. *See Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194. Finally, the circuit court found that Miller's claim related to his assertions of law in the "remainder" of his petition was not supported by facts. This determination was not in error. *See id.*

In his reply brief, Miller argues that counsel acted in bad faith when he gave "ill advice" to him so that he was "overpowered" and pled guilty. He argues that he did provide the factual basis for his claim. We do not address the merits of a question when the argument is raised for the first time in a reply brief. *State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000).

Because no hearing is required when it is conclusive on the face of the petition that no relief is warranted, we hold that the circuit court did not err in declining to hold a hearing on Miller's Rule 37 petition. *See Williams*, *supra*.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Kenneth D. Miller*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.