KAREN R. BAKER, Associate Justice
Appellant Kelley Patrick Mills lodged in this court an appeal of a January 25, 2018 order denying his pro se petition for writ of error coram nobis. The State filed its brief in which it contends that this court does not have jurisdiction over the appeal because the notice of appeal that Mills filed as to the January 25, 2018 order was not timely. Mills then filed a motion in which he seeks leave to file a reply brief with a supplemental addendum so that he may include evidence in support of his claim that this court should permit him to proceed with the appeal. Because the record that is before us does not support a basis for jurisdiction over the appeal, we dismiss the appeal and the motion is moot.
Whether an appellant has filed a timely and effective notice of appeal is always an issue before the appellate court, and absent an effective notice of appeal, the court lacks jurisdiction to consider the appeal and must dismiss it. McJames v. State , 2010 Ark. 74, 2010 WL 569752. Under Arkansas Rule of Appellate Procedure-Criminal 2(a) (2017), Mills was required to file his notice of appeal within thirty days of the date the order was entered. The deadline for filing fell on Saturday, February 24, 2018, and in accord with Arkansas Rule of Appellate Procedure-Criminal 17, Mills was required to file the notice of appeal no later than Monday, February 26, 2018. The notice of appeal was not filed until February 28, 2018.
We note that there is a copy of an envelope in the record that indicates the notice of appeal was posted on the last day to file the notice. Our current rules of procedure provide an exception to the filing deadline for a notice of appeal of a judgment of conviction in circuit court or a circuit court order that denied postconviction relief on a petition under Arkansas Rule of Criminal Procedure 37.1. Under those provisions, the notice of appeal will be deemed filed on the date that an incarcerated inmate deposited his or her petition in the prison facility's legal-mail system, provided that the conditions set out in the rules have been satisfied. Ark. R. App. P.-Crim. 2(b)(3); see also Ark. R. Crim. P. 37.2(g) (2017). Because this was an appeal of the denial of a petition for a writ of error coram nobis, the exception is not applicable under the circumstances.
*482 As the notice of appeal was not timely filed and no exception is applicable, the lodging of the record in this court was clerical error. Accordingly, we lack jurisdiction to consider Mills's appeal and dismiss.
Appeal dismissed; motion moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
When our Rules of Criminal Procedure are silent on a particular question, the general rule is to use our civil rules to supplement them. See, e.g. , State v. Rowe , 374 Ark. 19, 285 S.W.3d 614 (2008) (supplementing the criminal rules with Rule 60 of the Arkansas Rules of Civil Procedure ); see also Sanders v. State , 352 Ark. 16, 98 S.W.3d 35 (2003) (applying Arkansas Rule of Civil procedure 56 in a postconviction case). Accordingly, while it is true that Arkansas Rule of Appellate Procedure-Criminal (2)(b)(3) does not speak to Mr. Mills's situation, the gap in our rules must be supplemented by the civil rules.[1]
Under Rule (5)(b)(2) of the Arkansas Rules of Civil Procedure, "service by mail is presumptively complete upon mailing." It is not disputed that Mr. Mills placed his notice of appeal in the mail within the time required by Rule 42 of the Arkansas Rules of Appellate Procedure-Criminal. We should therefore accept Mr. Mills's appeal and take up his motions.
I respectfully dissent.

Rule (2)(b)(3) was adopted by this court to address the holding in Hamel v. State , 338 Ark. 769, 1 S.W.3d 434 (1999), which specifically exempted the application of the Arkansas Rules of Civil Procedure from Rule 37 cases. Given the demonstrated irregularities that accompanied inmate filings, it appeared that inmates were being denied access to the courts.