Cite as 2020 Ark. 324

# SUPREME COURT OF ARKANSAS

No. CR–20–137

| | |
|---|---|
| MARK ROBINSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** October 15, 2020<br><br>PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT; MOTION TO FILE BELATED REPLY BRIEF [NO. 63CR-93-334]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br><u>AFFIRMED; MOTION DENIED</u>. |

## COURTNEY RAE HUDSON, Associate Justice

Appellant Mark Robinson appeals the trial court's denial of his pro se motion for an independent action to set aside his judgment of conviction for fraud on the court pursuant to Rule 60(k) of the Arkansas Rules of Civil Procedure. The trial court denied the motion on the basis that Robinson was precluded from seeking postconviction relief under Rule 60. Also pending in this appeal is Robinson's motion to file a belated reply brief. For the reasons set forth below, we affirm the trial court's decision and deny Robinson's motion.

Robinson and two accomplices were charged with capital murder in the robbery and shooting death of a sixty-three-year-old victim. All three pleaded guilty to first-degree murder, and Robinson was sentenced to life imprisonment because he admitted he was the one who had shot and killed the victim.[1] On December 6, 1993, Robinson entered his plea,

---

[1]Robinson's codefendants were sentenced to thirty years' imprisonment.

and a judgment was filed on the following day reflecting that Robinson had voluntarily pleaded guilty and was advised of his rights pursuant to Rule 24.4 of the Arkansas Rules of Criminal Procedure (1993).

In 2019, Robinson filed a Rule 60(k) motion for an independent action to set aside his judgment for fraud upon the court and alleged that he did not agree to plead guilty in exchange for a life sentence. In support of his allegation, Robinson attached a copy of the judgment of conviction that does not bear his signature or the signature of his counsel. Robinson further alleges that there are no other records extant of a plea hearing or of a plea agreement. According to Robinson, because Rule 60(k) abolished writs of audita querela, the only remedy available under these circumstances is through an independent action filed under the provision in Rule 60(k) with respect to fraud upon the court. Robinson makes the same argument on appeal.[2]

It is within the discretion of the circuit court to determine whether it has jurisdiction under Rule 60 to set aside a judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *Watson v. Connors*, 372 Ark. 56, 270 S.W.3d 826 (2008). An abuse of discretion lies when the trial court's decision is rendered improvidently,

---

[2]Appellee argues on appeal that Robinson alternatively alleged entitlement to a writ of audita querela, which constituted a claim for the issuance of a writ of error coram nobis. The underlying motion filed by Robinson in the trial court is not clear but does not appear to make an alternative claim for the issuance of a writ of audita querela, and Robinson does not appear to raise the claim for alternative relief in his brief on appeal. In any event, the trial court did not enter a ruling on an alternative claim for a writ of audita querela or for a writ of error coram nobis, and the failure to obtain a ruling on an issue precludes review on appeal. *See Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646.

thoughtlessly, or without due consideration. *Williams v. State*, 2020 Ark. 224, 601 S.W.3d 418.

Here, the trial court correctly found that Rule 60(k) was not a means to obtain postconviction relief in a criminal action. Rule 60 of the Arkansas Rules of Civil Procedure applies to criminal cases only in connection with empowering the trial court to enter nunc pro tunc judgments to cause the record to speak the truth. *Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999). Otherwise, it is well settled that Rule 60 of the Arkansas Rules of Civil Procedure does not apply to criminal proceedings such as this one. *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000). The trial court did not abuse its discretion when it denied Robinson's motion.

The State filed its responsive brief on May 7, 2020 and Robinson's reply brief was due to be filed on May 28, 2020. Robinson tendered a reply brief on September 15, 2020, and filed this pending motion on September 28, 2020. Robinson alleges that Covid-19 prevented him from filing a timely reply brief. In view of the lengthy delay in tendering his brief and in filing his motion, and because he has failed to state a meritorious claim for postconviction relief, his motion is denied.

Affirmed; motion denied.

HART, J., concurs in part and dissents in part.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.**
I agree that Rule 60(k) does not entitle Mr. Robinson to rescind the guilty plea that he entered in 1993. I dissent, however, with regard to the rationale that the majority has employed in denying Mr. Robinson's motion to file his reply brief.

Covid-19 has affected life in profound ways. This court has used it to suspend jury trials throughout the state and even eliminate an in-person induction ceremony for admitting new lawyers to the bar. Moreover, Covid-19 is raging through our prisons and has accounted for an inordinate number of deaths among our incarcerated citizens despite the efforts of officials in the Arkansas Department of Correction. In spite of the lengthy delay, the effect of Covid-19 on the prison population should be found to constitute good cause for Mr. Robinson's belated filing of his reply brief. After all, an appellant may only use a reply brief to clarify an issue after the appellee has responded. Furthermore, an appellant is not permitted to raise new issues in a reply brief. Accordingly, a reply brief can only help us.

Finally, I disagree that the merits of a case have any place in the decision whether to accept an untimely filing of a brief in this court. Good cause is limited to the facts and circumstances that constitute the reasons for the untimely filing—as asserted in the appellant's motion. Ark. Sup. Ct. R. 4-7(d)(4).

I concur in part and dissent in part.

*Mark Robinson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.