Cite as 2021 Ark. 201

# SUPREME COURT OF ARKANSAS

No. CR-21-118

| | |
|---|---|
| HOWARD TOGO WOOD, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered: November 4, 2021<br><br>PRO SE APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT<br>[NO. 64CR-13-36]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br><u>AFFIRMED IN PART; REVERSED AND REMANDED IN PART</u>. |

**RHONDA K. WOOD, Associate Justice**

Howard Togo Wood, Jr., appeals the circuit court's denial of his motion to correct clerical errors in his sentencing order.[1] In 2013, he pleaded guilty to first-degree sexual assault and received a sentence of 360 months' imprisonment. His motion alleged that the sentencing order contained the following clerical errors: (1) an inaccurate criminal-history score; (2) the wrong presumptive sentence; and (3) the incorrect date of his plea hearing. The circuit court denied the motion, finding these issues were substantive rather than clerical.

---

[1]On June 12, 2020, Wood filed a motion to correct clerical mistake in commitment order. On December 31, 2020, he filed a motion to amend/amendment to motion to correct clerical mistake in commitment order. Both motions were denied by orders entered on January 7, 2021. Wood designated the incorrect date in his notice of appeal, citing a December 30, 2020 order that does not exist. In any event, Wood's arguments are limited to those made in his original June 12 motion. He fails to make the new arguments from his December 31 amended motion; as such, we consider Wood to have abandoned them on appeal.

We agree as to the first two alleged errors, but not the third one. We thus affirm in part and reverse and remand in part.

Under Arkansas Rule of Civil Procedure 60, a circuit court may set aside a judgment and enter an order *nunc pro tunc. Robinson v. State*, 2020 Ark. 324, 608 S.W.3d 596. The question on appeal is whether there has been an abuse of that discretion. *Id.* An abuse of discretion lies when the circuit court renders its decision improvidently, thoughtlessly, or without due consideration. *Id.*

A circuit court has the power to correct clerical errors *nunc pro tunc* so that the record speaks the truth. *Barnett v. State*, 2020 Ark. 181, 598 S.W.3d 835. Under Rule 60(b), a circuit court may at any time correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors arising from oversight or omission. *Id.* A circuit court's power to correct mistakes or errors is to make the record speak the truth, but not to make it speak what it ought to have spoken. *Id.*

Wood's first two claims are that the sentencing order incorrectly reflected his criminal-history score and his presumptive sentence. Wood asserts that the circuit court should have corrected the sentencing order to reflect a criminal-history score of zero in place of the criminal-history score of one. Wood also contends that the presumptive sentence should be changed from fifty-four months' imprisonment to forty-two months' imprisonment. According to Wood, these are clerical errors subject to change under Rule 60(b). While we cannot say there would never be such an occasion to correct these figures as clerical errors, this record provides no basis to do so here.

A circuit court's power to correct errors in a sentencing order precludes the court from making the record "speak what it did not speak but ought to have spoken." *Barnett*, 2020 Ark. 181, at 1–2, 598 S.W.3d at 836. In other words, the court cannot correct unverified history. No evidence showed (1) whether these two issues are clerical errors that were simply recorded incorrectly, (2) whether they were substantive errors, or (3) whether they are, in fact, correct. The record is silent on how Wood's criminal-history score was calculated and how the court computed his presumptive sentence at fifty-four months' imprisonment. Wood attached a printout of what purports to be his criminal history. But we have no means to assess whether this is complete and accurate. To grant relief, the circuit court would have had to speculate about the printout's true meaning and look behind the sentencing order. We cannot find that the circuit court abused its discretion in declining to take this step in the context of a motion to correct a clerical error. Thus, we affirm the circuit court's denial of Wood's motion on these grounds.

But we grant Wood partial relief. Wood's third claim of a clerical error pertains to the date on the sentencing order showing that Wood pleaded guilty on July 2, 2013, when in fact the plea hearing was July 16, 2013. Because the transcript reflects the true date he entered his plea, and this court has found that the plea hearing occurred on that date, there is no alternative to the July 2, 2013 date on the sentencing order being a clerical error. *Wood v. State*, 2015 Ark. 477, at 7, 478 S.W.3d 194, 199. For that reason, the circuit court abused its discretion when it refused to enter an order *nunc pro tunc* correcting this clerical error. We remand for it to enter an amended sentencing order to correct the date.

Affirmed in part; reversed and remanded in part.

WOMACK, J., concurs without opinion.

WEBB, J., dissents.

**BARBARA W. WEBB, Justice, dissenting.** I respectfully dissent. Although the majority correctly cites the standard of review, it fails to apply it. Apparently, it fails to apprehend that the circuit court denied Mr. Wood's motion to correct clerical errors in his sentencing order because the court lost jurisdiction to make those corrections after ninety days. This was clear error, as the majority correctly notes: "Under Arkansas Rule of Civil Procedure 60, a circuit court may set aside a judgment and enter an order nunc pro tunc." However, rather than merely reversing and remanding this case for further proceedings, the majority steps into the role of the circuit court.

Although the analysis it employed in ferreting out the correct date of the plea hearing was in some sense commendable, it was a course not endorsed by either the appellant or the appellee. Although the majority's conclusion is undeniably correct, fact-finding is the province of the circuit court, not the Arkansas Supreme Court.

The majority's efforts to act as a trial court were far less effective with regard to the criminal-history score and the presumptive sentence that is derived in part from the criminal-history score. The majority acknowledges that Wood attached a printout of what purports to be his criminal history. I note that the authenticity of this document was never challenged in the circuit court. Nonetheless, the majority, acting as a trial court raised the authenticity of the document on its own motion and denied Mr. Wood the relief he requested because

4

it was not sure. This misstep proves why the majority's usurping the circuit court's role as a trier of fact is ill-advised.

I do not doubt the veracity of the majority's statement that "we have no means to assess whether this is complete and accurate." However, it is simply erroneous to project this court's shortcomings onto the circuit court and assume that it was similarly encumbered. As noted previously, the circuit court did not deny Mr. Wood's motion to correct the clerical mistakes on his sentencing order because it had to "speculate" about an issue of fact. The circuit court denied Mr. Wood's motion because it made a mistake of law.

I would reverse and remand this case to the circuit court for further proceedings.

I dissent.

*Howard Togo Wood, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.