Cite as 2024 Ark. 135

# SUPREME COURT OF ARKANSAS
No. CV-24-128

| | | |
|---|---|---|
| JEREMY KENNEDY | | **Opinion Delivered:** September 26, 2024 |
| | APPELLANT | PRO SE APPEAL FROM THE IZARD COUNTY CIRCUIT COURT [NO. 33CV-23-156] |
| V. | | |
| ARKANSAS PAROLE BOARD | | HONORABLE HOLLY MEYER, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Jeremy Kennedy appeals from an Izard County Circuit Court order denying his motion for reconsideration from the circuit court's denial of his petition to proceed in forma pauperis that he filed with a petition for administrative review of an Arkansas Parole Board (Board)[1] decision. On appeal, Kennedy contends that (1) his petition for judicial review asserted a credible constitutional claim entitling him to judicial review under the Administrative Procedure Act; (2) the Board acted outside its authority by denying his transfer to the Division of Community Correction; (3) he was entitled to file his petition for judicial review in forma pauperis; and (4) the circuit court's order denying his petition to proceed in forma pauperis was deficient. To the extent Kennedy reasserts his substantive claims from his petition for judicial review, this court will not consider them.

---

[1]The Arkansas Parole Board became the Arkansas Post-Prison Transfer Board on January 1, 2024. *See* Ark. Code Ann. § 16-93-201(a)(1) (Supp. 2023).

To the extent his challenge is to the denial of his motion for reconsideration, we hold that his argument is meritless. We affirm the circuit court's denial of relief.

## I. *Facts*

Following a hearing, the Board denied Kennedy parole. On October 12, 2023, Kennedy filed a petition to proceed in forma pauperis with a petition for judicial review of the Board's decision denying him parole. In his pro se petition, Kennedy alleged that the Board denied him parole following a hearing and that the Board erred by failing to grant him parole because (1) Arkansas Code Annotated section 16-93-615(a) (Repl. 2016) created a protectible liberty interest in parole, and he had standing to seek judicial review of the Board's actions; (2) he did not receive any materials or supporting documents that the Board intended to use during the hearing; and (3) the final decision did not include findings of fact and conclusions of law. On October 23, 2023, the circuit court denied the petition to proceed in forma pauperis, finding that the underlying petition did not state a cause of action.

On December 27, 2023, Kennedy filed a motion for reconsideration seeking to modify or vacate the order of the circuit court pursuant to Arkansas Rule of Civil Procedure 60. In the motion, he contended that the circuit court failed to make specific findings that delineated how his petition failed to allege a cognizable claim as required by Arkansas Rule of Civil Procedure 72. With the motion for reconsideration, Kennedy also filed an amended petition for judicial review. The circuit court denied the motion for reconsideration and did not rule on the petition or amended petition for judicial review. On January 29, 2024, Kennedy filed a notice of appeal from the denial of his motion for reconsideration.

## II. *Law and Analysis*

Kennedy argues that an appeal from "any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment. In this matter, that would include the circuit court's order denying leave to proceed in forma pauperis." Kennedy contends that the order denying the petition to proceed in forma pauperis was not a final order and that, even if it had been, the order was defective because the court failed to provide findings on Kennedy's indigency. Claiming that he was unable to appeal the denial of his indigency status, Kennedy asserts that (1) the petition for judicial review asserted a credible constitutional claim entitling him to judicial review; (2) the Board acted outside its statutory authority by denying him transfer to the Division of Community Correction; (3) he was entitled to file his petition for judicial review in forma pauperis; and (4) the circuit court's order denying leave to proceed in forma pauperis was deficient.

This court reviews a denial of a petition to proceed in forma pauperis for an abuse of discretion. *Clemmons v. Kelley*, 2021 Ark. 47, at 3, 618 S.W.3d 128, 130. Arkansas Rule of Civil Procedure 72 (2023) governs a decision to grant or deny a petition to proceed in forma pauperis in a civil case. *Rea v. Kelley*, 2018 Ark. 329, at 1, 559 S.W.3d 746, 746. In civil matters, Rule 72(c) conditions the right to proceed in forma pauperis on indigency and the circuit court's satisfaction that the alleged facts show "a colorable cause of action." *Muntaqim v. Kelley*, 2022 Ark. 5, at 2. A colorable cause of action is a legitimate claim that may be reasonably asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Id.*

Kennedy attempts to argue the merits of the petition for administrative review, but he has failed to timely file a notice of appeal from the denial of the petition to proceed in

forma pauperis. Kennedy was required to file a motion for reconsideration of that order no later than ten days after entry of judgment to be entitled to an extension because the time for filing a notice of appeal shall be extended for all parties, and the notice of appeal shall be filed within thirty days from entry of the order disposing of the last motion outstanding. *See* Ark. R. App. P.–Civ. 4(b) (2023); *Fuller v. State*, 316 Ark. 341, 345, 872 S.W.2d 54, 56 (1994); *see also Jewel v. Fletcher*, 2010 Ark. 195, at 25, 377 S.W.3d 176, 192 (stating that a posttrial motion for reconsideration "was not filed within ten days of entry of the court's order; thus, the time for filing appeal was not extended"). Kennedy could have also filed and obtained a ruling on his motion for reconsideration prior to filing his notice of appeal within thirty days of judgment. *See Fuller*, 316 Ark. at 345, 872 S.W.2d at 56. He failed to do so, and as a result, the time to file the notice of appeal was not extended. The time to have filed a notice of appeal from the denial of the petition to proceed in forma pauperis expired on November 22, 2023. Absent a timely and effective notice of appeal, this court lacks jurisdiction to consider an appeal. *See Mills v. State*, 2019 Ark. 21, at 1–2, 565 S.W.3d 480, 481. As a result, inasmuch as Kennedy attempts to challenge the merits of the circuit court's order denying the petition to proceed in forma pauperis, those grounds are not properly before this court.

Moreover, Kennedy's challenges to the underlying petition for judicial review—and arguably the amended petition for judicial review—cannot be addressed by this court on appeal. In the notice of appeal, Kennedy filed from the denial of his motion for reconsideration, he expressly stated that he "abandon[ed] any pending but unresolved claims in this matter". Here, the circuit court did not make any specific findings regarding the petition for judicial review or the amended petition for review and made a finding regarding

4

only the petition to proceed in forma pauperis. The failure to obtain a ruling on an issue at the circuit court level, including a constitutional issue, precludes review on appeal. *Van Winkle v. State*, 2016 Ark. 98, at 15, 486 S.W.3d 778, 788.

Finally, even if Kennedy's claim—that the circuit court's order denying leave to proceed in forma pauperis was deficient—could be considered a challenge to the circuit court's denial of his motion for reconsideration, the challenge would be meritless. It is within the circuit court's discretion to determine whether it has jurisdiction under Rule 60 to set aside a judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *Robinson v. State*, 2020 Ark. 324, at 2, 608 S.W.3d 596, 598. An abuse of discretion lies when the circuit court's decision is rendered improvidently, thoughtlessly, or without due consideration. *Id.* at 2–3, 608 S.W.3d at 598. Judicial review of administrative complaints is generally unavailable to inmates. *See* Ark. Code Ann. § 25-15-212(a) (Repl. 2014). But this rule does not preclude review of an asserted constitutional violation.*Muntaqim v. Kelley*, 2019 Ark. 240, at 3, 581 S.W.3d 496, 499. When an inmate challenges prison officials' implementation of an Arkansas Division of Correction policy, the petition must allege a constitutional question sufficient to raise a liberty interest. *Id.* at 3–4, 581 S.W.3d at 499. Otherwise, the claim cannot fall within the classification of claims subject to judicial review. *Id.*, 581 S.W.3d at 499.

Here, notwithstanding the circuit court's lack of factual findings on Kennedy's indigency, he fails to allege a constitutional question sufficient to raise a liberty interest. Kennedy's primary claim is that he is a member of a target group and that the use of mandatory language in the parole statutes—Arkansas Code Annotated section 16-93-612(e) and (f) and Arkansas Code Annotated section 16-93-615(b)—created a liberty interest.

Because Arkansas parole statutes do not create a protectable liberty interest in parole eligibility and Kennedy has failed to assert a colorable claim, we affirm the circuit court's denial of the motion for reconsideration. *See Robinson v. Payne*, 2024 Ark. 94, at 4, 688 S.W.3d 409, 414.

Affirmed.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Because there is not an express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[3] For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[4]

*Jeremy Kennedy*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

[1] *See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting).

[2] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[3] Here, there was not an express constitutional provision that allowed Kennedy to initiate a new civil case against the State. Thus, Kennedy should have petitioned for judicial review in his original criminal cases, CR–07–170, CR–10–68, CR–13–37, CR–13–474, CR–18–195, CR–22–660, and CR–22–627. Instead, he initiated new civil actions below– 33CV–23–156, 35CV–24–382, and 35CV–24–616. This he cannot do. *See supra*, note 1.

[4] *Id.*