Cite as 2025 Ark. 32

# SUPREME COURT OF ARKANSAS
No. CV-24-127

| | |
|---|---|
| JEREMY KENNEDY | **Opinion Delivered:** April 10, 2025 |
| APPELLANT | PRO SE APPEAL FROM THE IZARD COUNTY CIRCUIT COURT [NO. 33CV-24-1] |
| V. | |
| JOHN FELTS, DIRECTOR, ARKANSAS PAROLE BOARD; DEXTER PAYNE; MICHELLE GRAY; AND STANLEY ROBINSON | HONORABLE HOLLY MEYER, JUDGE |
| APPELLEES | AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Jeremy Kennedy appeals from the denial of his petition to proceed in forma pauperis (IFP) to file a petition for declaratory judgment and writ of mandamus regarding an adjudication made by the Arkansas Post-Prison Transfer Board (Board). On appeal, Kennedy argues that the circuit court abused its discretion by denying his IFP petition because it considered matters outside the petition and that he did, in fact, state a colorable cause of action. We affirm the circuit court's denial of Kennedy's IFP petition.

In September 2023, the Board conducted a hearing to determine Kennedy's eligibility for transfer to the Arkansas Division of Community Correction (DCC). The Board denied Kennedy's request to transfer and his subsequent request to schedule a six-month reconsideration hearing. Kennedy sought relief in circuit court.

In his complaint for declaratory judgment, Kennedy asserted that he is a member of the "target group" identified by Arkansas Code Annotated section 16-93-1202(10)(A)(i),

who are entitled to transfer to the DCC after serving one-third or one-half of their sentences. Kennedy claimed the Board acted outside its statutory authority by denying his transfer eligibility. Kennedy further claimed that he was neither convicted of, nor incarcerated for, any of the offenses enumerated in Arkansas Code Annotated section 16-93-615(b), that his crimes fell "below the line[,]" and that his prior crimes were nonviolent, making him transfer eligible after serving one-third or one-half of his sentence with good-time credit. Kennedy argued that the Board acted "outside of its statutory authority . . . when it denied transfer eligibility for [two] years." Kennedy alleged that because he should have been administratively transferred to a less restrictive placement pursuant to Arkansas Code Annotated section 12-29-201(f)(1) and because the ADC should transfer an eligible offender to a community correction program when he reaches his transfer date, the ADC is "about to illegally confine" him past his transfer date. Kennedy also asserts that because he was subject to mandatory reconsideration after six months, the Board has a ministerial duty to schedule Kennedy for a hearing. However, the circuit court issued an order denying Kennedy's IFP petition, finding his claim for relief was a "duplicate lawsuit to 33CV–23–123 which is on appeal and 33CV–23–57 which was voluntarily dismissed by petitioner."

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion. *Trammel v. Payne*, 2023 Ark. 177, 679 S.W.3d 353. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Id*. If the underlying petition clearly fails to state a colorable cause of action, this court may affirm the denial of in forma pauperis status. *Id*. A colorable cause of action is a claim that is legitimate and may be reasonably asserted given the facts presented and the current law or a reasonable and

2

logical extension or modification of it. *Kennedy v. Ark. Parole Bd.*, 2024 Ark. 135, 696 S.W.3d 812.

On appeal, Kennedy argues that the circuit court abused its discretion by denying his IFP petition because the circuit court made no findings regarding his indigency or whether the facts alleged in the petition stated a colorable cause of action. He contends that the circuit court instead relied on matters outside the petition. Kennedy claims that case number 33CV-23-123 was dismissed without prejudice for a procedural defect and that the instant underlying petition addressed that defect. Further, Rule 41(a) of the Arkansas Rules of Civil Procedure provides that an action may be dismissed without prejudice to a future action. Kennedy claims that whether the instant petition was identical is of no importance because the rules of civil procedure expressly allow it to be refiled. Kennedy concludes by affirmatively stating that his petition for declaratory judgment and writ of mandamus state a colorable cause of action. Kennedy's arguments are not persuasive.

The circuit court did not abuse its discretion in denying Kennedy's IFP petition based on a finding that Kennedy's latest filing was not a colorable cause of action.

Accordingly, this case must be affirmed.

Affirmed.

Special Justice BARBARA HALSEY joins.

WOMACK, J., dissents.

BRONNI, J., not participating.

3

**SHAWN A. WOMACK, Justice, dissenting.**  Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1]  Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2]  Because there is not an express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[3]  For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[4]

*Jeremy Kennedy*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen.; and *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

[1]*See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (stating Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).

[2]*See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[3]Here, there was not an express constitutional provision that allowed Kennedy to initiate a new civil case against the State.  Thus, Kennedy should have petitioned for judicial review in his original criminal case.  Instead, he initiated a new civil action below—33CV-24-1.  This he cannot do.

[4]*See supra*, note 1.

4