Cite as 2025 Ark. 141

# SUPREME COURT OF ARKANSAS
No. CV-24-779

| | | |
|---|---|---|
| | | **Opinion Delivered:** September 25, 2025 |
| KENNETH BURTON | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-24-6958] |
| | APPELLANT | |
| V. | | |
| ARKANSAS POST-PRISON TRANSFER BOARD | | |
| | APPELLEE | HONORABLE MACKIE M. PIERCE, JUDGE |
| | | AFFIRMED. |

**NICHOLAS J. BRONNI, Associate Justice**

Kenneth Burton seeks reversal of the circuit court's decision denying him permission to proceed in forma pauperis on a writ of mandamus. His underlying mandamus petition sought to compel the Arkansas Post-Prison Transfer Board to grant him parole. Because Burton's mandamus petition failed to plead a colorable cause of action, the circuit court properly denied his petition to proceed in forma pauperis, and we affirm.

Burton is serving an aggregate 312-month sentence for two separate 2015 convictions. In one, Burton pleaded guilty to second-degree battery and received a 72-month sentence, and in the other, Burton received a consecutive 240-month sentence after he pleaded guilty to multiple offenses, including a terroristic act, possession of a firearm by certain persons, possession of a handgun on public-school property, theft by receiving, endangering the welfare of a minor, and two counts of aggravated assault. Since 2020,

Burton has been denied parole four times. Most recently, on July 9, 2024, the Board denied his request for parole, citing his institutional record and concluding he would be a detriment to the community. Burton then asked the circuit court to grant him in forma pauperis status so that he could seek a writ of mandamus compelling the Board to grant him parole. The circuit court denied the request. Burton timely appeals.

To proceed in forma pauperis, a petitioner must demonstrate that his underlying action raises "a colorable cause of action." *Morgan v. Kelley*, 2019 Ark. 189, at 2, 575 S.W.3d 108, 109; Ark. R. Civ. P. 72. That is, a petitioner must bring a "legitimate" claim based on the "facts presented and the current law" or a "logical extension" of it. *Kennedy v. Ark. Parole Bd.*, 2024 Ark. 135, at 3, 696 S.W.3d 812, 815. We review a circuit court's decision denying in forma pauperis status for abuse of discretion. *Id.*, 696 S.W.3d at 815.

Applying that standard, we affirm. Burton argues that Ark. Code Ann. § 16-93-615(a)(1)(A) gives him an unequivocal right to parole. That provision states that except for inmates convicted of certain enumerated offenses, an inmate "shall be transferred" from prison to parole, "subject to rules promulgated by the Board of Corrections or the Post-Prison Transfer Board and conditions adopted by the Post–Prison Transfer Board." Since he was not convicted of any of the offenses excluded by that provision, Burton argues section 16-93-615(a)(1)(A) required the Board to grant him parole. And as a result, he argues, he was entitled to proceed in forma pauperis and pursue a writ of mandamus directing the Board to follow the law.

Burton's argument badly misses the mark. Contrary to his claim, section 16-93-615(a)(1)(A) does not create an unqualified right to parole. On the contrary, that provision

merely says that certain inmates—those convicted of the enumerated offenses—are not eligible for parole and that others may be paroled "subject to rules and regulations promulgated by the Board of Corrections or the Post-Prison Transfer Board and conditions adopted by the Post-Prison Transfer Board." Indeed, underscoring that reading, the statute's very next sentence directs the Board to conduct a "risk-needs assessment" and determine whether an inmate is likely to reoffend and, "if parole is granted," set conditions. Ark. Code Ann. § 16-93-615(a)(1)(B) (Repl. 2016). That language would make little sense if, as Burton claims, the Board has no discretion and is required to grant parole. And we do not read statutes in a way that would render them self-contradictory. *See Ark. Parole Bd. v. Johnson*, 2022 Ark. 209, at 5, 654 S.W.3d 820, 823; Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012) (explaining that "there can be no justification for needlessly rendering provisions in conflict"). So we reject Burton's claim that section 16-93-615(a)(1)(A) requires granting him parole.

Because Burton's reading of the statute fails as a matter of law, he has not raised a legitimate claim based on mandamus that qualifies as a colorable cause of action. The circuit court therefore did not err—let alone abuse its discretion—in denying his petition to proceed in forma pauperis.

Affirmed.

WOMACK, J., dissents.

3

**SHAWN A. WOMACK, Justice, dissenting.**  Dismissal of the case is proper pursuant to article 5, section 20 of the Arkansas Constitution.[1]  Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2]  Here, Burton improperly made the State a defendant when he petitioned for mandamus relief in a new civil action below, 60CV-24-6968.[3]  Instead, he should have petitioned in one of his related, underlying criminal cases, 35CR-14-164 or 35CR-15-85.  Accordingly, this court, like the circuit court below, lacks jurisdiction.  For these reasons, the circuit court's order must be reversed and the case dismissed.

*Kenneth Burton*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.

---

[1] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *Id.*

[3] *See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (reasoning Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).